ANN E. POWELL v. RICHARD D. POWELL, Administrator, &c.

The act of legislature of 1842, which has never been published, gives either party after a divorce for any cause, the right to contract another marriage.

The law favors marriage, and when once solemnized according to the forms of

Powell *v.* Powell.

law, it will not be declared a nullity upon any thing less than certain and clear testimony.

A person competent to contract in law, will be presumed to have sufficient mental capacity to consent to that which he does, until the contrary shall appear.

*Quære.* Can the probate court take jurisdiction of the question of the mental incapacity of a party to contract marriage.

On appeal from the probate court of Lowndes county; Hon. N. G. Goodwin, judge of the probate court of Lowndes county.

This was an application filed in the probate court of Lowndes county, on the part of Ann E. Powell, the plaintiff in error, to have her share of the estate of her deceased husband, John R. Powell, allotted to her. It was resisted by the administrator, on the alleged ground that she had never been legally married to John R. Powell, that her pretended marriage was void on two grounds: 1st, because, though divorced from her former husband, the divorce was on account of her adultery, and she could not legally contract a second marriage. 2d, because, it was alleged, the said John R. Powell was defrauded into the contract of marriage, while in a condition incompetent to make a contract. She went to Powell's house to marry him, where the parties were married.

The probate court dismissed the application of Mrs. Powell, and she prayed a writ of error to this court.

*F. Anderson* and *R. Evans,* for appellant,

Contended the decision of the probate court in dismissing the petition was erroneous, and cited the act of 1842, on the subject of divorces, which has never been published.

*Potter* and *Christian,* for appellee,

Contended that the act of 1842 is not the law, as it was never published in "Hutchinson's Code," but that the second marriage was void. Hutch. Co. 977, § 2.

Mr. Justice FISHER delivered the opinion of the court.

This was an application by the widow of the intestate, John R. Powell, to the probate court of Lowndes county for an

Powell *v.* Powell.

allotment of her distributive share in the estate of her deceased husband.

The answer of the administrator sets up as a defence, that the petitioner was not, in law, the wife of the intestate during his lifetime. It is first urged, that the petitioner was at one time the wife of one J. M. T. Reed, who is still living, and that the said Reed, about the year 1845, obtained a decree dissolving the said marriage, on account of her adultery; and, secondly, that the deceased, at the time of his marriage, was mentally incapable of giving to the same a binding consent on his part.

The first question is settled by the act of 1842, which has never been published. It in express terms gives to either party after a divorce, regardless of the cause, the right to contract another marriage. The second question is one of fact, and in our opinion is not sustained by the evidence. It is true the marriage was solemnized in an unusual manner, by the petitioner's going to the house of the deceased, and both parties dispensing with the ceremonial generally observed on such occasions; but these are circumstances which of themselves prove nothing as to the mental capacity of either party, but only a perfect indifference as to the customs of society. The minister who officiated on the occasion, says that Powell appeared to " understand what he was about." The testimony giving to it the greatest weight to which it is entitled, establishes, to say the most, only a doubtful case. The law favors marriage, and when once solemnized according to the forms of law, will not declare its nullity upon any thing less than clear and certain testimony, especially after it has been dissolved by the death of one of the parties. Moreover, every man is presumed to have sufficient mental capacity to consent to that which he does, till the contrary shall be shown. The evidence is not sufficient, in the present case, to overcome this presumption. It may, indeed, be questioned whether the probate court could take jurisdiction of this last question; but as we have disposed of it on the evidence, we make no decision as to the question of jurisdiction.

Decree reversed, and decree here ordering distribution to the petitioner, according to the statute.