SIMON STRAUSS *v.* F. H. HUTSON ET UX.

[61 South. 594.]

1. HUSBAND AND WIFE. *Witnesses. Competency. Code* 1906, *section* 1916. *Testimony against interest of other.*

Under the common law husband and wife were incompetent to testify either for or against each other, and while this has been changed by Code 1906, section 1916, this statute does not permit either to testify against the other, except in "all controversies between them."

2. HUSBAND AND WIFE. *Witnesses. Competency. Bill for discovery.*

Where in a bill for discovery against a husband and wife, the prayer of the bill is, in effect, an effort to compel the husband and wife to testify against each other, such bill is not maintainable as the policy of the law renders the husband or wife incompetent to give evidence in any proceeding which may aid the opponent of the other in a lawsuit wherein both husband and wife are made parties.

3. SAME.

As far as the husband and wife being incompetent to testify against each other, the law remains as it was at common law, except in controversies between them.

APPEAL from the chancery court of Washington county. Hon. E. N. THOMAS, Chancellor.

Bill by Simon Strauss against F. H. Hutson and wife. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*A. J. Rose,* for appellant.

We ask the court to bear in mind that this bill seeks discovery from both defendants. If, at the hearing of the cause, evidence is attempted to be introduced making the husband or wife testify against the other it will then be subject to proper objection, but the defendant, F. H. Hutson, the husband, cannot decline to answer and discover as to his own accounts, dealings and conduct on the ground that such discovery might be used against others. Nor can the defendant, K. S. Hutson, the wife, decline to answer and discover as to her own acts and conduct on the ground that such discovery might be used against others.

A court of chancery will compel a discovery to detect fraud and imposition in a suit to set aside a fraudulent conveyance. 2 Moore on Fraudulent Conveyances, p. 1039; *Bernheim & Co.* v. *Beer,* 56 Miss. 149; *Hester* v. *Thomas,* 58 Miss. 108.

Neither can the defendants refuse to answer and discover on the ground that the answers and discoveries of husband and wife might be used against each other, for an answer of one defendant is not evidence against a codefendant. *Hanover National Bank* v. *Klien,* 64 Miss. 141.

The peculiar relations of husband and wife will not protect her from making a discovery relating solely to her own conduct, and affecting only her own interests. *Metler's Admr.* v. *Metler,* 18 N. J. Eq. (3 C. E. Green) 270.

If appellees' views of the law are correct, then, to use the language of the court in *Metler's Admr.* v. *Metler, supra,* "A married man could, by any fraud, possess himself of property or security, and by taking them in the name of his wife, protect both her and himself from answering, and thus avoid the discovery which is one of the most effectual means of administering justice."

*Wynn, Wasson & Wynn,* for appellees.

The third ground of demurrer ("that the bill, in praying discovery endeavors to force husband and wife to give evidence against each other")—this is not the exact language of the demurrer as the demurrers were separate, one filed by F. H. Hutson and one by K. S. Hutson—should be sustained and the decree affirmed, because if the allegations of the bill be true such discovery would compel the husband and wife to violate, the confidential relation between them and disclose facts which they ought not to be compelled to disclose, e. g., if the allegations of the bill be true as above stated. We refer the court on this point to Fletcher's Equity Pleading and Practice, sec. 808, where this language is used:

"No discovery will be compellable where it is against the policy of the law from the particular relations of the parties. Thus in the absence of statutory changes, for instance if a bill of discovery is filed against a married woman to compel her to disclose facts which charges her husband, it would be dismissed for a married woman is not permitted to be a witness against her husband in controversies with third parties."

In the 7 Dec. Digest, under the head of Discovery, section 10, confidential relations and privileged communications, this language is used: "Under section 877, Rev. St. D. C., providing that a married woman shall not be compellable to disclose any communication made to her by her husband during their married life, a widow cannot by a bill in equity be required to disclose all of the special circumstances of and attending the receipt of any and all property received by her during the period of her married life; and such question of privilege can be raised either by demurrer or by answer to the bill. *McCartney* v. *Fletcher,* 10 App. D. C. 572."

Every disclosure made in answer to discovery sought in this bill would be a discovery of facts which could be used by the appellant in this cause. We have only to

cite the authorities used by counsel in this case, for in *Manley* v. *Mickle*, 37 Atl. 740, copied by counsel in his brief, this language is used:

"Of course, a discovery in an unsworn answer is not available collaterally, but as an admission in a pleading it may be useful to a complainant in his pending cause and there is no sound reason for denying the right to demand it. Indeed being an answer implies some sort of discovery, even if only by way of admission of the allegations of the bill, and the decisions of this state abundantly recognize its evidential force in favor of the complainant.

In 5 American and English Decisions of Equity, p. 471, this language is used: "But though an unsworn answer is not evidence for the respondent, the complainant may avail himself of any admissions therein in his favor as in the case of any other pleading."

Citing many cases, among them cases cited by the appellant in his brief.

COOK, J., delivered the opinion of the court.

Appellant filed a bill for discovery against appellees, husband and wife. To this bill appellees filed separate demurrers, each assigning three grounds of demurrer, viz.: (1) That the bill prays for discovery not under oath. (2) The bill as to discovery is a fishing bill. (3) That the bill, in praying discovery by this defendant, endeavors to force him, contrary to law, to give evidence against his wife. Accompanying the demurrers, separate answers were filed by appellees, denying under oath all of the allegations of the bill, and particularity the allegations charging fraud.

The bill alleges that, at the time of the filing of the bill, complainant therein was the owner of an enrolled judgment of three thousand, six hundred and fifty-one dollars and three cents against appellee F. H. Hutson; that F. H. Hutson, during the life of this judgment, had purchased with his own funds certain described land, but

had the deed thereto made to his wife, K. S. Hutson, for the purpose and with the intent to hinder, delay, and defraud complainant, and the other creditors of the defendant F. H. Hutson, out of their just demands; that no consideration was paid by the said K. S. Hutson to the said grantor in the said conveyance for the said property; that the said premises are now held by the said K. S. Hutson in secret trust for the said F. H. Hutson, with the private understanding or agreement that the same belongs to the wife, and shall inure to the benefit of the said F. H. Hutson; and that the said property ought in equity and in good conscience be held to be the property of the said F. H. Hutson, and be applied to the satisfaction of complainant's judgment. The prayer of the bill is that the defendants be required to answer, plead, or demur to this bill, but not under oath, and that the defendants be required to set forth and discover the consideration for the purchase price of each piece of the property described in the bill, and that the defendants be required to set forth and discover the amount and value of all their property, interest, and effects whatsoever that either of them, separately or jointly, had in their possession, control, or expectancy upon their removal to Washingon county, Miss., at and prior to the time of the first purchase of real estate in said county in the name of the defendant K. S. Hutson, and from whom or how received, and with whom deposited, or by whom held, or in which they or either of them may claim to have had any interest, and that they and each of them be required to set forth and state the facts and circumstances attending the said conveyances aforesaid, the amount of money actually paid thereon, and by whom and how and where the funds with which to make said payments were derived, and the purposes of said conveyances.

It seems that the chancellor sustained the demurrer upon the first ground thereof, to wit: "That the bill prays

for discovery not under oath.'' It is contended by appellant that this court should confine its consideration to that particular ground upon which the chancellor by his decree declared that the bill was demurrable. It is the contention of appellees that the demurrer went to the whole bill, and no matter what reason may have been assigned by him for sustaining the demurrer, if any of the grounds of demurrer are well taken, the action of the chancellor should be affirmed.

We are of opinion that the discovery prayed for by the bill is, in effect, an effort to compel the husband and wife to testify against each other. Under the common law husband and wife were incompetent to testify either for or against each other. This has been changed by the statute. Section 1916 of the Code of 1906. The statute does not permit either to testify against the other, except in ''all controversies between them.'' The law is now that husband and wife are only competent to testify, where one of them is a party to the suit, when he or she is introduced as a witness by the other.

In the instant case the prayer of the bill asks that each be required to discover matters and things to be used as evidence against the other. It is said that what the one may discover cannot be used against the other, and this may be true; yet we think the policy of the law goes further, and renders the husband or wife incompetent to give evidence in any proceeding which may aid the opponent of the other in a lawsuit wherein both husband and wife are made parties. *Leach* v. *Shelby,* 58 Miss. 681. As far as the husband and wife being competent to testify against each other, the law remains as it was at common law, except in controversies between them. The policy of the law, which renders either of them incompetent to testify against the other is discussed in *Byrd* v. *State,* 57 Miss. 243, 34 Am. Rep. 440. GEORGE C. J., in that case quotes with approval Greenleaf on Evidence, as follows: ''It is essential to the happiness

of social life, that the confidence subsisting between. the. husband and wife should be sacredly protected and cherished in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation would be to destroy the best solace of human existence.''

*Affirmed.*