SPENCER v. O'BRYANT.*

(Division A. Nov. 23, 1925.)

[106 So. 6. No. 25196.]

1. WITNESSES. *Husband not competent against wife suing third person.*

Husband is not competent witness against wife suing third person; Code 1906, section 1916 (Hemingway's Code, section 1576), authorizing one spouse to testify against the other only in controversies between them.

2. HUSBAND AND WIFE. *Husband's authority to pledge wife's ring held shown by her testimony.*

Authority of husband to pledge wife's ring *held* shown by her testimony that it left her possession to be pawned without restriction by him for money with which to purchase household articles, which she had taken over to herself on separation from him.

3. PLEDGES. *Article pledged with authority not recoverable without payment or tender.*

Article pledged with plaintiff's authority cannot be recovered in replevin; she not having paid or tendered the amount of the pledge or shown its payment.

*Headnotes 1. Witnesses, 40 Cyc., p. 2212; 2. Husband and Wife, 30 C. J., Section 171; 3. Pledges, 31 Cyc., p. 824.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Action by Mrs. Marion Spencer against W. J. O'Bryant. Judgment for defendant, and plaintiff appeals. Affirmed.

*Pack & Pack,* for appellant.

*The court erred in permitting Spencer, appellant's husband, to testify against her. Even under the testimony of the appellee himself, it clearly appears that this ring was not pledged to him in any true sense, and he had no right whatever to retain possession of it as against appellant, the rightful and sole owner.*

I.    Although Spencer and his wife were not living together at the time of this trial, they were not divorced; and this being true, it appears to us that there can be no question as to Spencer's utter incompetency as a witness against appellant. Section 1916, Code of 1906, section 1576, Hemingway's Code. It will be observed that under this section the only time husband and wife can testify against each other is when there is a *controversy between them.* And in the case at bar this state of facts did not obtain. This was a suit between the wife and a *third party,* and we submit that Spencer was utterly incompetent to testify on behalf of this third party, against his wife. The rule, both at common-law and under our statute, has been clearly laid down by this court in *Strauss* v. *Hutson,* 104 Miss. 637, 61 So. 594; *Leach* v. *Shelby,* 58 Miss. 681; *Byrd* v. *State,* 57 Miss. 243.

II.    Appellees own testimony shows that the ring was not pledged. Appellee testified that he let Spencer have the first loan of thirty-five dollars on Spencer's bare promise. The ring was not mentioned in the transaction. Evidently the idea of holding the ring as security for the loan did not occur to appellee until several weeks later, when he learned that Spencer was not going to repay him.

It is to be regretted that appellee should be made to suffer loss because of his dealings with Spencer, but certainly, under the state of facts disclosed by this record, he has no just ground for retaining possession of this property as against appellant.

*Jeff Collins,* for appellee.

I. We think the testimony of Mr. Spencer competent because the record discloses that at the time of the trial, Mr. and Mrs. Spencer were separated and Mrs. Spencer had sued for divorce and alimony. This was not a case where the husband was disclosing confidential relations between himself and his wife, and comes nearly within the rule announced in the case of *Hesdorffer* v. *Hiller,* 71 So. 166.

II. *Was the property pledged?* The testimony of all the witnesses show that the money was had from Mr. O'Bryant by Mr. Spencer and the ring left with him, and held by him, and when Mrs. Spencer approached him for the ring, he stated that she could have it by paying him back what he was out to Mr. Spencer. It makes no difference that the money was obtained, if it was, on the mere promise of Mr. Spencer to repay it in thirty minutes, yet, if Spencer brought the ring to O'Bryant and left it to get further credit, or stay the time of payment, then under the law this was a pledge. See 21 R. C. L. 640.

If O'Bryant was not holding the ring as a pledge or pawn for the money loaned Spencer, why was he holding it at all? No answer can be given to explain O'Bryant's possession except that he was holding it as a pledge. According to Mrs. Spencer's testimony she authorized Spencer to pledge her ring for money to buy her a stove and refrigerator, which he did according to his authority. Having the rightful possession of the ring, Spencer in dealing with third persons was the agent of his wife. See sections 2055, and 2054, Hemingway's Code, with citations thereunder.

We respectfully submit that Mrs. Spencer cannot be heard to complain in any event, because she, herself, says she got the stove and refrigerator. To allow Mrs. Spencer to recover this ring, would be to perpetrate a fraud up-

on Mr. O'Bryant, and to encourage such dealings with the public. So we submit that this case ought to be affirmed.

McGowen, J., delivered the opinion of the court.

Mrs. Marion Spencer filed affidavit in replevin in the court of a justice of the peace for the recovery of the possession of a diamond ring, alleged by her to have been unlawfully detained by W. J. O'Bryant, which resulted in a judgment in favor of the defendant. The case was appealed to the circuit court, and, upon trial being had, the court gave a peremptory instruction for the defendant, and the verdict of the jury and judgment of the court was entered accordingly.

Mrs. Spencer testified that the diamond ring had been given her by her husband, Monroe Spencer; that they moved to Laurel; and that with her knowledge and consent the ring in question was pawned by her husband, and it afterward developed that he pledged the ring to Buntin to secure money with which to buy the necessary furniture, which was one stove and one refrigerator. Soon afterwards the husband and wife separated, and neither she, nor any one for her, tendered the amount of the pledge to Buntin or O'Bryant. The affidavit in replevin with the return of the sheriff on the writ and the defendant's bond, together with the statement of Mrs. Spencer, was all the testimony offered by the plaintiff. The defendant, O'Bryant, testified that he received the ring as a pledge for thirty-five dollars loaned Monroe Spencer, the husband, for thirty minutes, and later in the day he did not pay the amount of the loan and pledged the ring for an additional fifteen dollars. The plaintiff's husband, Monroe Spencer, testified that the thirty-five dollars obtained from O'Bryant was used to pay Buntin, and that he owed Buntin on account for desired repairs of the ring. The plaintiff objected to the testimony of her husband on the ground that he was an

incompetent witness to testify against his wife; it appearing that they had not been divorced, which was overruled.

Upon conclusion of the testimony, the plaintiff moved the court to direct the jury to find for the plaintiff, and there is an agreement in the record that the court declined plaintiff's instruction, but granted the instruction directing the jury to find for the defendant.

Section 1916 of the Code of 1906 (section 1576, Hemingway's Code), is as follows:

"Husband and wife may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them."

This was a suit between the wife and a third party, and we think the witness Monroe Spencer was incompetent to testify on behalf of the defendant against his wife, as under the common law husband and wife were incompetent to testify either for or against each other, and section 1916 does not authorize the one spouse to testify against the other except in controversies between them. See *Strauss* v. *Hutson,* 104 Miss. 637, 61 So. 594, and authorities there cited.

However, we think the plaintiff's own statement that the ring left her possession to be pawned without restriction by her husband for money with which to purchase the stove and refrigerator, which articles she had taken over to herself upon the separation, and that she did not know whether or not this pledge had been paid, constituted authority for the husband to pledge the ring, and that, the amount of the pledge not having been paid or tendered by her, she was not entitled to recover; in other words, with or without the testimony of her husband the defendant was entitled to a peremptory instruction.

*Affirmed.*