WHITNEY NAT. BANK *v.* STIRLING *et al.*

(Division B. Nov. 23, 1936. Suggestion of Error Overruled Jan. 4, 1937.)

[170 So. 692. No. 32417.]

326

Green, Green & Jackson, for appellant.

328

J. Morgan Stevens and J. M. Stevens, Jr., both of Jackson, for appellee, Charles McGregor Sweitzer.

**Earl Brewer,** of Jackson, for appellees.

**J. B. Stirling**, of Jackson, for appellees.

334

Argued orally by **Garner Green,** for appellant, and by **Earl Brewer,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appeal recovered a judgment in the District Court of the United States against appellees, J. B. Stirling and his wife, Mrs. Hallie Carter Stirling, in the sum of fifty thousand six hundred one dollars and seventy-five cents. That judgment is the basis of this suit. Appellant filed the bill in this case against the Stirlings, their son, his wife, their daughter, her husband, and also Charles McGregor Sweitzer, seeking to set aside as fraudulent and subject to its judgment certain real estate and personal property charged to have been conveyed and transferred by the Stirlings to Sweitzer and their son and daughter-in-law, and daughter and son-in-law, and seeking a discovery of such property. The cause was heard by the chancellor on bill, answers, and proofs, resulting in a decree dismissing the bill. From that decree appellant prosecutes this appeal.

As the cause progressed in the trial court it narrowed down to two principal questions: (1) Whether the Stirlings could be forced to testify in the case; and (2) whether the conveyance of their former homestead in the city of Jackson to appellee Sweitzer should be set aside as fraudulent and subjected to the payment of appellant's judgment.

The First National Bank of Jackson failed and went into liquidation on January 19, 1931; a large majority of its stock was owned by Mr. and Mrs. J. B. Stirling. Besides their double liability as stockholders, they owed large debts outside, and appellant's judgment represents

one of them. Mrs. Stirling owned the home in Jackson on the northeast corner of the interesection of High and State streets. It was worth considerably more than the exemption allowed by statute. On the same day the First National Bank closed, they conveyed the homestead to appellee Sweitzer, whose principal residence was the Army and Navy Club in the city of Washington, the consideration was seventeen thousand dollars, which the evidence shows without dispute was paid to the grantors. The bill seeks discovery of the whereabouts of the seventeen thousand dollars, or the remainder of it, as well as any and all other moneys and personal property owned and controlled by J. B. Stirling and wife.

On the trial appellant called J. B. Stirling and wife as adverse witnesses by whom it sought to prove the allegations of the bill. They objected on the ground that their evidence would be against the interest of each other, and therefore, under section 1528, Code of 1930, they could not be forced to testify. The court sustained their objection. Section 1528 provides, among other things, that in all instances where either husband or wife is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters without the consent of both. Was it possible in this case to confine the testimony of each of the witnesses to his or her interest? Putting it differently, was it possible for the one to testify against his or her interest without at the same time giving evidence against the other? We are of the opinion that this question must be answered in the negative. Although the homestead was owned by Mrs. Stirling, her husband was interested in it, and, of course, that is true of the proceeds of the sale of such homestead. Appellant's judgment, which he seeks to enforce, is a joint judgment against both; each is, therefore, jointly and severally liable for the entire amount. It is inconceivable that one could give material evidence in

the case that would not affect the interest of both—using the language of the chancellor in his opinion in the record: "It would not be practically possible to confine them to a channel of individual and separate and distinct interests; . . . they could not travel on two separate, though parallel, tracks, in support of a bill which operated on one track."

Appellant refers to sections 1527, 1549, and 1550, Code of 1930, as authority for forcing the husband and wife to testify in this case. Section 1527 makes competent as witnesses all persons whether interested, or parties to the suit, or not. Section 1549 provides that either party to a suit shall have the right to force his adversary to testify. Section 1550 provides for the examination of interested witnesses in open court. These statutes are to be construed together so as to make each occupy its place without encroaching upon the others. So construing them, it is clear that the last clause of section 1528 is excepted from the others.

Appellant contends that that construction of section 1528 violates the due process provisions of the State and Federal Constitutions, in that it deprives it of material evidence. We think this contention is without merit. The statute prescribes a mere rule of evidence—it does not affect the substantial rights and obligations of the parties. The same statute was involved and applied in Leach v. Shelby, 58 Miss. 681; Strauss v. Hutson, 104 Miss. 637, 61 So. 594; McQueen v. State, 139 Miss. 457, 104 So. 168; Spencer v. O'Bryant, 140 Miss. 474, 106 So. 6. By analogy New Orleans & N. E. R. Co. v. Jackson, 145 Miss. 702, 110 So. 586, is decisive of this question against appellant's contention. There was under consideration in that case the statute making privileged communications between physicians and patients. The court held that the statute prescribed a mere rule of evidence and did not affect the substantial rights and obligations of the parties.

It is argued that the chancellor's finding of facts on the issue of fraud as between J. B. Stirling and wife and Sweitzer in the conveyance of the homestead by the former to the latter was not sufficiently supported by the evidence. This court has held time and again, so often, in fact, that it seems useless to cite authorities, that the finding of the chancellor on an issue of fact will not be overturned on appeal unless such finding is against the great preponderance of the evidence. We cannot say with confidence that that is true in this case.

We do not think the other questions raised are of sufficient merit to require a discussion.

Affirmed.