WARREN by STUCKEY *v.* WARREN.

Nov. 16, 1953

No. 38890 43 Adv. S. 42 67 So. 2d 707

*Tighe & Barksdale,* Jackson, for appellant.

*Russell & Little*, Magee; *Barnett, Jones & Montgomery*, Jackson, for appellee.

Arrington, J.

This suit is before us on appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi, in which it was held that Waddell Warren,

a minor, and Irene Warren owned as tenants in common certain real property situated in the City of Jackson, which was owned by Walter Warren, Sr., at the time of his death. Waddell Warren, appellant, is the grandson of Walter Warren, Sr., deceased, and claims to be the only heir at law of Walter Warren, Sr., and the sole owner of the property. Irene Warren, appellee, claims to be the widow of Walter Warren, Sr., and as such, to be the owner of an undivided one-half interest in the property.

The sole question involved on this appeal is whether or not Irene Warren was the lawful wife of Walter Warren, Sr. The record discloses that the appellee entered into a ceremonial marriage with one Ed Armstead on July 27, 1927, and two children were born of this marriage; that Ed Armstead died sometime during the year 1942 while residing in Alabama, but for some years before his death, the appellee had been living with Charlie Shields. During the year 1942, appellee and Charlie Shields discontinued living together and subsequently each of them entered into a ceremonial marriage, Irene marrying Walter Warren, Sr., on December 2, 1943. She and Warren lived together except for a temporary separation until Warren died intestate on July 17, 1951. The appellant contends that there was a common-law marriage between appellee and Charlie Shields and that because of this impediment, the ceremonial marriage of Irene and Walter Warren, Sr., was invalid.

■■■ The burden of proof was upon the appellant to show the invalidity of the marriage of appellee and Walter Warren, Sr. This Court has held in many cases that where in any proceeding the validity of a ceremonial marriage is attacked, the burden rests on the party alleging its invalidity to prove it. Flemming v. Flemming, 213 Miss. 74, 56 So. 2d 35, and authorities there cited.

In Powell v. Powell, 27 Miss. 783, the Court said: ■■■ "The law favors marriage, and when once solemnized ac-

cording to the forms of law, will not declare its nullity upon anything less than clear and certain testimony, especially after it has been dissolved by the death of one of the parties." Again in the recent case of U. S. F. & G. Co. v. Smith, 211 Miss. 573, 52 So. 2d 351, the Court said: "The existence of a common-law marriage may be shown by the facts and timely declaration of the parties. But 'a claim of common-law marriage is regarded with suspicion and will be closely scrutinized. Thus, in order to establish a common-law marriage, all the essential elements of such a relationship . . . must be shown by clear, consistent, and convincing evidence, especially must all the essential elements of such relationship be shown when one of the parties is dead.' 55 C. J. S., Marriage, Sec. 45, p. 911.

"In a case where an alleged prior common-law marriage is interposed for the purpose of having the court declare invalid a ceremonial marriage, there is a strong presumption in favor of the validity of the ceremonial marriage as against the prior alleged common-law marriage. Whitman v. Whitman, 206 Miss. 838, 41 So. 2d 22. In 55 C. J. S., Marriage, Sec. 43, pages 893-894, it is said, 'In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the party attacking the validity of such second marriage has the burden of proving such invalidity, even though it involves the proving of a negative; and the burden of showing a valid prior marriage is on the party asserting it.' "

 The appellant failed to meet this burden of proof. When Charlie Shields and the appellee first began living together, according to Shields' testimony in 1932 or 1934, Ed Armstead was then living, and the proof is insufficient to show that they lived together after the death of Armstead in 1942. The testimony shows that Armstead died sometime during the year 1942, and that appellee and Shields separated sometime during the same year.

The dates of these occurrences were not established by the proof.

We are of the opinion that the chancellor correctly held that the evidence failed to show a common-law marriage between Shields and the appellee, and that at the time of Warren's death, Irene Warren was his lawful wife.

Affirmed.

*Roberds, P. J.*, and *Lee, Kyle,* and *Lotterhos, JJ.,* concur.