WALLACE *v.* STATE

No. 43838 February 28, 1966 183 So. 2d 525

*Fountain D. Dawson,* Greenville, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

PATTERSON, J.

Defendant was indicted for murder in Washington County. He was found guilty of manslaughter and sentenced to the state penitentiary for a period of three years. He appeals to this Court, assigning as error the following:

(1) The court erred in allowing Carrie Wallace to testify over the objections of the defendant on the grounds that she was the wife of the defendant.

(2) The court erred in denying defendant's motion for a directed verdict when the prosecution rested its case, and in denying a directed verdict after both the State and defense rested.

(3) The court erred in failing to give full credit to the defendant's version of the homicide, there being no other eye witness thereto.

(4) The verdict of the jury is contrary to and against the overwhelming weight of the evidence and the evidence is insufficient to convict.

On the trial of the cause the defendant's wife, the only eye witness to the fatal affray other than the defend, was permitted to testify against him. Her testimony was of utmost importance to the State's case and thus equally damaging to the defendant. The defendant's objections were to no avail and this testimony was considered by the jury. We are of the opinion that this was reversible error.

The provisions of Mississippi Code Annotated section 1689 (1956) are as follows:

> Husband and wife may be introduced by each other as witness in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. A criminal prosecution of either husband or wife for contributing to the neglect or delinquency of a child or desertion or nonsupport of children under the age of sixteen (16) years or abandonment of children shall be deemed controversies between husband and wife for the purpose of this section. *But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.* (Emphasis ours.)

 █ It is apparent from this section that the defendant's wife could not testify against him without the consent of both unless the controversy was between them, which it was not. In fact, we have held that the mere offering of a wife to testify against her husband is

reversible error. In *Outlaw v. State,* 208 Miss. 13, 20, 43 So. 2d 661, 664 (1949) we held:

From these authorities it is seen that this court has repeatedly held that it is improper for the prosecution to call the defendant's wife and offer her as a witness against him. We seriously doubt that there is a prosecuting attorney in this state who does not know this to be the law. A violation of this salutary rule by a prosecuting attorney must be interpreted as motivated by a desire to prejudice the jury against a defendant and tip the scales against him in a close case such as is here presented, with the hope that this court will say on appeal, as it did say in some of the foregoing authorities, that the defendant has been proven guilty notwithstanding the error, and that consequently the error will be held harmless. This is a case in which we cannot confidently so assert. Since every man is entitled to a fair and impartial trial by a jury uninfluenced by anything except competent evidence, and since all reasonable doubts should be resolved in favor of the defendant, the judgment of conviction will be reversed and the cause remanded for another trial.

See also *Smith v. State,* 193 Miss. 474, 10 So. 2d 352 (1942); *Davis v. State,* 157 Miss. 669, 128 So. 885 (1930); *Pearson v. State,* 97 Miss. 841, 53 So. 689 (1910); *Finklea v. State,* 94 Miss. 777, 48 So. 1 (1909); and *Garner v. State,* 76 Miss. 515, 25 So. 363 (1898). This prohibition of testimony, unless it is consented to by both husband and wife, is so well established in our jurisprudence that it needs no further comment.

■■ The defendant, through the circuit clerk of the county, introduced into evidence the certificate of marriage between Carrie Nelson, the witness, and himself on March 3, 1961. This certificate raises a strong presumption that the marriage was in fact valid. In *Fleming v. Fleming,* 213 Miss. 74, 84, 56 So. 2d 35, 38, 39 (1952) we held:

The appellant was not entitled to a divorce from the appellee on the ground of the appellee's prior marriage to C. T. Ying. In the early case of Powell v. Powell, Adm'r, 27 Miss. 783, the Court said: "The law favors marriage, and when once solemnized according to the forms of law, will not declare its nullity upon anything less than *clear and certain* testimony * * *." (Emphasis added.)

In 55 C.J.S., Marriage, § 43, pages 893-894, it is said, "In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the party attacking the validity of such second marriage has the burden of proving such invalidity, even though it involves the proving of a negative; and the burden of showing a valid prior marriage is on the party asserting it."

This Court has held in many cases that where in any proceeding the validity of a ceremonial marriage is attacked the burden rests on the party alleging its invalidity to prove it. Powell v. Powell, supra; Ladner v. Pigford, 138 Miss. 461, 103 So. 218; McAllum v. Spinks, 129 Miss. 237, 91 So. 694; Alabama & V. Ry. Co. v. Beardsley, 79 Miss. 417, 30 So. 660; United States Fidelity & Guaranty Co. v. Smith, 211 Miss. 573, 52 So. 2d 351.

And in *Hill v. United Timber & Lbr. Co.,* 68 So. 2d 420, 424 (Miss. 1953) we held:

First, the Court has held in a long line of decisions that, where a second ceremonial marriage, that is, one solemnized according to the forms of law, is contracted, every presumption will be indulged in favor of its validity, and the burden of proof is upon the party who attacks the validity of such marriage to show its invalidity by clear and certain testimony.

See also Bunkley & Morse's Amis, *Divorce and Separation in Mississippi*§ 1.02(6) at page 21 (1957) and § 1.02(6) of Supplement at page 7 (1964).

■■ The burden of proof was upon the State, who attacked the validity of the marriage, to show its invalidity by clear and certain testimony. This it failed to do, the only evidence in this regard being elicited from the defendant's wife who testified that she was first married to Albert Nelson in 1938 and that they were separated in 1945. She further testified that she had never gotten a divorce from Nelson and that she was not aware as to whether or not he had obtained a divorce from her, though he did write concerning a divorce in 1948, but that she had never been served with notice of any divorce proceeding by Nelson. The testimony indicates that Nelson died in 1964 without communicating with the witness subsequent to 1948. As heretofore stated, the witness and the defendant were married in 1961 and she considers him to be her husband, as in her testimony she referred to him as ''Yes, sir. That's my husband,'' and that by referring to ''James'' she meant ''James Wallace — my husband.''

■■ We have considered this evidence in the light of the authorities which require clear and certain testimony to overcome the presumption of validity which arose with the second ceremonial marriage and are of the opinion that the State failed to overcome this presumption. ■■ Neither did the defendant waive the benefit of his objection by cross-examination on the same subject. 3 Wharton's *Criminal Evidence* § 833 (12th Ed. 1955) and *McCormick v. State,* 135 Tenn. 218, 186 S. W. 95 (1916). We hold that the trial court committed reversible error in permitting the State to introduce the defendant's wife as a witness against him.

The next assignments of error address themselves to the sufficiency of the evidence to convict and to the testimony of the defendant which, it is contended, is without contradiction in the absence of the wife's testimony and therefore must be accepted as a basis for reversal. We have considered these assignments and are of the

opinion that they are not well taken, and since we are of the opinion that a new trial must be had, we withhold comment on this evidence.

For the reasons heretofore ascribed we are of the opinion the defendant was deprived of a fair and impartial trial as contemplated by our laws and that the cause must be reversed and remanded for a new trial.

Reversed and remanded.

*Gillespie, P. J., and Brady, Smith, and Robertson, JJ.,* concur.