408 So.2d 486 (1981)
James A. "Shorty" ENIS
v.
STATE of Mississippi.
No. 53127.
Supreme Court of Mississippi.
December 30, 1981.
W.A. Grist and Boudie A. Jaggers, Pontotoc, for appellant.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
SUGG, Justice, for the Court:
James A. Enis was indicted for murder, tried in the Circuit Court of Pontotoc County, convicted, and sentenced to life imprisonment.
In his first assignment of error appellant argues the trial court erred by permitting Mrs. Norma G. Sanders to testify as a witness for the state because appellant and Mrs. Sanders had entered into a common law marriage[1] in the State of Idaho which had not been dissolved by a divorce.
Appellant secured a divorce in 1967 and on the following day he and Norma G. Sanders went to the State of Idaho and began a relationship which lasted for approximately ten years. During this ten year interval, they traveled to Idaho four times and remained in that state some six to eight months each time where defendant was engaged in seasonal farm work. They held themselves out to be husband and wife while living in Idaho and when they returned to Mississippi following one of their trips to Idaho, they acquired a home which was deeded to them as husband and wife. Norma G. Sanders made an entry in the Enis family Bible that they were married in 1967 and she also received her pay checks as Norma Enis. A child was born to the couple and the birth certificate listed appellant as the father. The parties separated, Norma *488 G. Sanders married Thomas Sanders on January 29, 1978, and appellant married approximately seven months later. Neither of the parties secured a divorce before they entered into their ceremonial marriages in 1978.
Common law marriages are recognized in Idaho under the following statute:
32-201. What constitutes marriage.  Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties or obligations. [1877, p. 24, § 1; R.S., § 2420; reen. R.C. & C.L., § 2611; C.S., § 4591; I.C.A., § 31-201.]
Two elements are required for a valid common law marriage to exist under the Idaho statute. They are, (1) agreement of the parties to enter into a common law marriage, and (2) either solemnization, or a mutual assumption of marital rights, duties, or obligations. It is obvious from the proof that the second element for a valid common law marriage in Idaho was met because both parties mutually assumed marital rights, duties, or obligations. However, satisfaction of the second element is not sufficient to constitute a common law marriage unless the parties also mutually agreed to become common law man and wife.
Both parties entered into ceremonial marriages after the termination of their relationship without securing a divorce. This presents the question of whether appellant is estopped from claiming the parties mutually consented to a common law marriage as required by the Idaho statute.
In Walker v. Matthews, 191 Miss. 489, 3 So.2d 820 (1941) this Court held that when a woman who was intestate's common law wife, separated from intestate, and the woman and intestate thereafter went through statutory marriages to others and recognized such marriages as valid, the woman was estopped from asserting heirship to intestate's estate.
Appellant claims that he and Norma G. Sanders agreed to enter into a common law marriage but Norma G. Sanders said that appellant never asked her to marry him nor did she ever consent to be married to him. It is a familiar rule that when an alleged prior common law marriage is interposed for the purpose of having a subsequent marriage duly solemnized according to law declared invalid, there is a strong presumption in favor of the validity of the ceremonial marriage against the claimed former common law marriage, and all the essential elements of the common law marriage must be shown by clear, consistent, and convincing evidence. Warren by Stuckey v. Warren, 218 Miss. 785, 67 So.2d 707 (1953). See cases cited in Mississippi Digest, Marriage, Key No. 50(1).
When appellant entered into a ceremonial marriage with another woman without seeking a divorce terminating his claimed common law marriage, his ceremonial marriage to another was inconsistent with his claim that he and Norma G. Sanders agreed to enter into a common law marriage. We therefore hold that appellant is estopped from claiming that he and Norma G. Sanders consented to a common law marriage in the State of Idaho.
We adopt this rule of estoppel under the facts of this case and hold: when one party claims a valid common law marriage but both of the parties to the claimed common law marriage subsequently enter into ceremonial marriages without securing a divorce, such parties are estopped to claim there was a mutual agreement to become common law husband and wife.
We therefore hold that the trial judge correctly held that Norma G. Sanders was competent to testify against appellant.
We have carefully considered the other assignments of error, and finding no merit in any of them, we affirm.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Common law marriages contracted after April 5, 1956 are not valid in Mississippi. Section 93-1-15 Mississippi Code Annotated (1972). However, common law marriages entered into in states recognizing common law marriages will be recognized in Mississippi. George v. George, 389 So.2d 1389 (Miss. 1980).