**FIDELITY NATIONAL BANK OF BATON ROUGE, Plaintiff,**

v.

**CENTER MANAGEMENT, INC., and John L. Swindle, Defendants,**

**and**

**Jenean A. Swindle, Garnishee.**

**Civ. A. No. J83–0034(R).**

United States District Court, S.D. Mississippi, Jackson Division.

June 13, 1984.

Paul M. Neville, Jackson, Miss., for plaintiff.

Shelby R. Rogers, Jr., Jackson, Miss., for defendant.

Britt R. Singletary, Jackson, Miss., for garnishee.

## MEMORANDUM OPINION

DAN M. RUSSELL, District Judge.

Fidelity National Bank of Baton Rouge (plaintiff) recovered a judgment against the defendant herein, John L. Swindle, in the amount of $200,092.74, plus interest and attorney's fees in the United States District Court for the Middle District of Louisiana.

The judgment was enrolled in this district on January 13, 1983.

A writ of garnishment was issued to the wife of the debtor on January 27, 1983. Mrs. Swindle thereafter filed her answer, invoking her marital privilege.

The plaintiff has now moved the Court for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Primary reliance is placed on *Miss.Code.Ann.* § 11–35–31 (1972), which provides:

> If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney's fees of the judgment creditor in said garnishment action.

The Court finds that the plaintiff's motion is not well taken and should be denied primarily because Mrs. Swindle did "answer" the garnishment as required. Although her response invoked her marital privilege and set forth none of the information sought, the Court is of the opinion that it was sufficient to remove her from the operation of § 11–35–31. Further, the position of the plaintiff is illogical. Fed.R.Civ.P. 12(c) requires that the pleadings be closed when a judgment on the pleadings is granted. Yet the plaintiff contends that Mrs. Swindle failed to answer, thereby entitling the plaintiff to judgment. Fidelity National Bank cannot be granted such a judgment on pleadings which are not closed, according to their contentions.

During oral argument, the plaintiff moved *ore tenus* that this Court compel the garnishee to answer the four interrogatories in the writ of garnishment. In order to arrive at a determination of the merits of this motion, the Court must consider the garnishee's claim of privilege. *Miss. Code. Ann.* § 13–1–5 (1978) addresses the competency of husband and wife:

> Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or nonsupport of children under the age of sixteen (16) years, or abandonment of children. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.

Although the plaintiff correctly points out that the litigation against the husband has been terminated in a judgment, the Court is of the opinion that the statute addresses the present situation when it speaks of "any matters involved in any such other instances." Clearly, the privilege is applicable to the facts *sub judice.* In *Martin v. State,* 203 Miss. 187, 33 So.2d 825, 827 (1948) (Griffith, J., specially concurring), the policy behind the privilege was addressed:

> Communications between husband and wife made under the sanctity of the marital relation are protected from disclosure in any court of law or equity without the consent of both of them—this upon profound principles of public policy, in order that they may communicate with each other freely without apprehension that such confidence can at any time and in any event be violated. It equally applies when one only of them is a party and when neither is a party....

See, *Daniels v. Beeson,* 312 So.2d 441, 444 (Miss.1975); *Wallace v. State,* 254 Miss. 944, 183 So.2d 525, 526 (1966); *Whitney National Bank v. Stirling,* 177 Miss. 325, 170 So. 692 (1936); *Spencer v. O'Bryant,* 140 Miss. 474, 106 So. 6 (1925); *Strauss v. Hutson,* 104 Miss. 637, 61 So. 594, 595 (1913); *Byrd v. State,* 57 Miss. 243, 245 (1879). Federal courts recognize the marital privilege, as well. *U.S. v. Cameron,* 556 F.2d 752, 755 (5th Cir.1977).

In view of the foregoing, it is the opinion of this Court that the plaintiff's motion to compel should be denied based on the privilege found in § 13–1–5.

An order in accordance with the opinion of this Court shall be presented as set forth in the Local Rules.