IRVING, J.,
for the Court:
¶ 1. Freddie Lee Martin was found guilty of driving under the influence, his third offense, in the Circuit Court of DeSo-to County. He has prosecuted this appeal wherein he alleges that the trial court erred in allowing his wife to testify against him. We find no error with the trial court’s decision and affirm Martin’s conviction.
FACTS
¶ 2. Martin was arrested as a result of a domestic disturbance call placed by his wife following an argument and alleged physical abuse. Mrs. Martin reported that she had been choked and kicked by her husband when she refused to hand over the keys to the car. She told the police officers who responded to her call that her husband had been drinking all day and she tried to prevent him from driving in the condition he was in. Shortly after the call, another officer identified Martin’s automobile and followed him for a short distance to Martin’s home. Upon arriving at the Martins’ home, the officer made the arrest out of which this appeal emanates.
ANALYSIS OF THE ISSUE PRESENTED
¶ 3. At the trial, Mrs. Martin testified concerning the contents of her telephone call to the police as well as her statements to the police when the officer came to arrest her husband. Martin contends that this testimony is covered by the spousal privilege and that Mrs. Martin was incompetent to testify against him. He argues that the trial court erred in allowing this testimony.
¶ 4. Under Mississippi law, Martin has the burden of demonstrating reversible error on the part of the trial court. See Nicolaou v. State, 612 So.2d 1080,1084 (Miss.1992). Accordingly, Martin argues that under Rules 504 and 601 of Mississippi Rules of Evidence, his wife should not have been allowed to testify against him. Rule 504 states:
(a) Definition. A communication is confidential if it is made privately by any person to his or her spouse and is not intended for disclosure to any other person.
(b) General Rule of Privilege. In any proceeding, civil or criminal, a person *417 has a privilege to prevent his spouse, or former spouse, from testifying as to any confidential communication between himself and his spouse.
(c) Who May Claim the Privilege. The privilege may be claimed by either spouse in his or her own right or on behalf of the other.
(d) Exceptions. There is no privilege under this rule in a proceeding in which one spouse is charged with a crime against (1) the person of any minor child or (2) the person or property of (1) the other spouse, (ii) a person residing in the household of either spouse, or (iii) a third person committed in the course of committing a crime against any of the persons described in (d)(1) or (2) of this Rule.
(emphasis added).
(3) ¶ 5. Rule 504, when raised, bars testimony about confidential communications between spouses. The rule, however, is exclusively limited to communications which are intended to be confidential. Fanning v. State, 497 So.2d 70, 74 (Miss.1986). The presence of another person is deemed to mean that the communication was not intended to be confidential. Id.
¶ 6. In the case sub judice, the communication was not between Martin and Mrs. Martin but between Mrs. Martin and a third party, the police officer. That communication related the substance of Martin’s actions, including observations concerning his drinking on the day he was charged with driving under the influence, not the contents of a conversation between Martin and Mrs. Martin that was intended to be confidential. Even though the wife’s conversation with the officer may have included and alluded to communications, exchanged between her and Martin, which led to the domestic disturbance call, such communications would not be privileged because they were part and parcel of the physical abuse charges[1] leveled against Martin by Mrs. Martin.
¶ 7. Even if the wife’s testimony did relate to confidential communications protected under the spousal privilege, under Mississippi law, the privilege is waiva-ble where both spouses consent to waive it and upon such waiver the privilege is no longer afforded. See Hickson v. State, 697 So.2d 391, 398-99 (Miss.1997). During the trial, Martin did just that — waive the spousal privilege. The trial court judge went to great lengths to ensure that his understanding of whether Mr. Martin was waiving the privilege was clear. During the trial, the following colloquy took place:
MR. VANDERBURG: Your Honor, my client’s advised me he wants to call her [Mrs. Martin] as a witness in his case, if that’s going to make any difference. He wants to call her as a witness in his case.
THE COURT: All right. That’s going to waive the claim of spousal privilege, and she can be cross-examined on the statement then. You understand?
MR. VANDERBURG: Yes. He wants to call her as a witness in our case in chief.
(emphasis added).
¶ 8. After this exchange concerning the privilege, the prosecuting attorney was preparing to proceed with her case in chief when the issue was discussed again in the following exchange:
MR. VANDERBURG: Your Honor, we still object to this officer testifying about other crimes that this man may or may not have committed that day.
THE COURT: Right.
MR. VANDERBURG: There’s separate crimes. He’s been charged with them in Horn Lake, and they haven’t taken them up.
THE COURT: Well I think he can still testify as to why they went to the house. *418 MS. BREWER: Okay. So you object on competency or not?
MR. VANDERBURG: I’m objecting on irrelevancy on this officer testifying on domestic violence and the assaults that he’s fixing to testify about through hearsay is irrelevant.
MS. BREWER: If he’s waiving the competency objection, then I would put the wife on the stand, question her and then call this officer back to impeach her testimony, if necessary.
THE COURT: Right. Start with the wife.
MS. BREWER: If he’s waiving the competency. If he’s not, then I’m going to have to go ahead.
THE COURT: One last time. I think we’ve got it, but you’re waiving the claim, of spousal privilege and to competency; right? She’s going to be called as a witness?
MR. VANDERBURG: Right. We’re not going to object.
THE COURT: All right. Well, we can take this officer off for now and then we’ll have to bring the wife.
(emphasis added).
¶ 9. On two occasions, the trial judge attempted to clarify whether or not Martin was waiving the spousal privilege. This Court finds it clear from the record that Martin indeed expressly waived the privilege as noted in the quoted excerpts. Martin’s calling his wife to the stand in his case-in-chief also waived the privilege to the extent of her testimony.
¶ 10. Martin also argues that Mrs. Martin was not a competent witness because of her marital relationship with him and cites Rule 601 of the Mississippi Rules of Evidence to support this assertion. The pertinent portion of the rule upon which Martin relies states:
Every person is competent to be a witness except as restricted by the following: (a) In all instances where one spouse is a party litigant the other spouse shall not be competent as a witness without the consent of both, except as provided in Rule 601(a)(1) or Rule 601(a)(2):
(1) Husbands and wives may be introduced by each other in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them;
(2) Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or nonsupport of children under the age of sixteen (16) years, or abandonment of children.
¶ 11. Martin argues that his wife was not competent, pursuant to M.R.E. 601, to stand as a witness against him. The rule, as noted under section (a), dictates that spouses are incompetent as witnesses when their respective spouse is a party litigant.
¶ 12. The Mississippi Supreme Court has consistently held that it is reversible error for one spouse to testify against the other without the other’s consent. See e.g, Wallace v. State, 254 Miss. 944, 183 So.2d 525, 526 (1966). However, in this case Mrs. Martin did not testify against Martin without his consent. As shown in the foregoing discussion on the issue of the spousal privilege, Martin’s attorney was specifically asked if he was waiving the claim of both the spousal privilege and competency. His answer was “right, we are not going to object.” Accordingly, we find no reversible error and affirm the lower court’s decision to allow the testimony of Mrs. Martin.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY DUI AND SENTENCE OF ONE YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ONE YEAR POST RE *419 LEASE SUPERVISION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.

. Simple assault and/or domestic violence charges were also filed against Martin as a result of Mrs. Martin's call to the police. However, this appeal involves the DUI charge only.