## FRANK FINKLEA v. STATE OF MISSISSIPPI.

### [48 South. 1.]

1. CRIMINAL LAW AND PROCEDURE. *Evidence. Burglary.*

    In a prosecution for burglary, a conversation between a witness and the accused wherein the defendant was informed that he was charged with the crime and that his wife was responsible for the charge is inadmissible in evidence.

2. SAME. *Same. Ill feeling between husband and wife.*

    In a criminal case evidence of ill will between the accused and his wife is inadmissible.

3. SAME. *Witnesses. Husband and wife. State should not call defendant's wife.*

    In a criminal case it is improper for the state to call the wife of the defendant as a witness, and compel him in the presence of the jury to object to her as being incompetent.

FROM the circuit court of Noxubee county.

HON. ROBERT F. COCHRAN, Judge.

Finklea, appellant, was indicted, tried for and convicted of burglary and appealed to the supreme court.

On the trial in the court below the prosecuting lawyer called the wife of defendant to the stand as a witness for the state and, in the presence of the jury, caused defendant to object to

her as being incompetent to testify. The wife was not permitted to testify.

One Sennett, a witness for the state, was permitted to testify, over defendant's objection, that before defendant's arrest witness informed the accused that he was charged with the crime, and that his wife was responsible for the charge, and the witness further so testified that there was at the time considerable ill feeling between defendant and his wife.

After conviction the defendant insisted that the course pursued was violative of his rights and entitled him to a new trial.

Defendant also assigned as a ground for a new trial the disallowance of his objections to Sennett's testimony.

*J. E. Rives,* for appellant.

The prosecution, in its zeal to convict defendant and to prejudice the minds of the jury against him not only entered the name of the wife upon the indictment as a prosecuting witness against himself, but actually brought her into the court room, had her face the jury and take the witness stand against her husband.

Can it be doubted that the effect of this proceeding was to unduly bias the jury against this defendant?

It is said that defendant had a legal right to object to her testifying. So he did, but that did not give the prosecution a right to place defendant in the embarrassing position of being forced to protest before the jury against such an unfair proceeding.

The prosecution could very well afford to have the court sustain an objection after it had in this manner forced upon the minds of the jury that the defendant was conscious of his guilt and afraid to permit his wife to testify against him.

When attention was called to this unlawful proceeding, the trial court only asked "Do you object?" which amounted to telling the jury that "if defendant is afraid for his wife to testify,

and feels constrained to object, I will have to sustain the objection on technical grounds."

In order to further unduly inflame the minds of the jury against defendant and to create a false sympathy for his wife, the witness Sennett was asked and permitted to testify as to conversations had with defendant in reference to defendant's wife, and was permitted to testify as to statements made by defendant evincing great anger towards his wife, which had nothing whatever to do with this case.

*H. H. Brooks, Jr.,* and *George Butler,* assistant attorney-general, for appellee.

The appellant had a right to object to any testimony offered against him, and the court promptly sustained the objections made by him to his wife's competency. The woman did not testify against the appellant in any manner whatsoever. She did not even take the oath administered to witnesses.

No one would seriously contend that testimony would be incompetent, which shows that a defendant would attempt to bribe a witness, and if it is a circumstance of guilt, that a defendant would attempt to bribe a witness, why, then, is it not a circumstance to show that the appellant said, in the presence of witnesses, who advised him of his wife's accusations, that he wished he had killed her?

Sennett testified that on the 5th or 6th day of June, he heard the accusations made against appellant, and that he, together with two or three friends, went down to talk to appellant, at his brother's house, and that he told Finklea that he was charged with "knowing about the Mashulaville robbery," and he testified further, that it was fifteen or twenty minutes before he would answer the charge, and that after the charge had been made, to use the exact words of Sennett "he paled up a great deal, the color all left his face, seemed excited, trembling and nervous, and seemed to be very much excited." This is a cor-

roborative circumstance, which the jury had a right to consider in connection with the direct testimony.

WHITFIELD, C. J., delivered the opinion of the court.

The testimony of the witness, Sennett, as to the conversation between him and the defendant about the defendant's wife was clearly incompetent in any view.    The only effect it could have was to have inflamed the jury against the defendant.    We think, also, that it was very improper to have introduced the wife of the defendant as a witness against him.    She was, of course, manifestly incompetent, and her introduction, under the circumstances of the case, may have had a damaging effect on the jury.

We, however, do not reverse the case for this; but the first error is fatal, and for that reason the judgment is reversed, and the cause remanded.    *Raines v. State,* 81 Miss. 489, 33 South. 19; *Thompson v. State,* 84 Miss. 758, 36 South. 389.

*Reversed.*