CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

MARCH TERM, 1911.

JOHN T. CARTER v. STATE.

[54 South. 734.]

1. CRIMINAL LAW. *Proceeding before grand jury. Presence of stenographer.*
   Where a cause was under investigation by the grand jury, the district attorney had the testimony taken down by a stenographer introduced by him into the grand jury room for that purpose and all the stenographer did while in the grand jury room was to take down the evidence and this evidence was not discussed or commented upon in his presence by any member of the grand jury. *Held,* that this was not reversible error as the accused could not be prejudiced thereby.

2. SAME.
   Unless the court can say that a defendant was not prejudiced by the presence of an unauthorized party in the grand jury room the case will be reversed.

3. TRIAL. *Excluding the . public. Constitution, section 26.*
   The discretion vested in the court by the Constitution, section 26, to exclude the public from a criminal trial is in the interest of

(435)

the public morals, and whether it is exercised or not is a matter in which the defendant has no concern.

4. HOMICIDE. *Admission of evidence. Harmless error.*

In a prosecution for murder wherein defendant was convicted of manslaughter, testimony tending to show neglect by the defendant of his wife under the facts of this case was harmless error.

5. CROSS-EXAMINATION OF ACCUSED. *Harmless error.*

Where the defendant on cross-examination was asked by counsel for the state, if his wife would testify and also whether he would object to his wife being introduced as a witness for the state, and both these questions were objected to and the objection sustained by the court, *held,* that while these questions were highly improper and should not have been asked, it was not reversible error.

6. MURDER. *Manslaughter. Instructions.*

Where a defendant charged with murder is convicted of manslaughter he is presumed not to have been prejudiced by any instructions relating to the crime of murder.

APPEAL from the circuit court of Monroe county.

HON. JNO. H. MITCHELL, Judge.

John T. Carter was charged with murder and convicted of manslaughter and appeals.

The facts are fully stated in the opinion of the court.

*Geo. T. Mitchell* and *E. O. Sykes, Sr.,* for appellant.

*R. N. Miller* and *Jas. R. McDowell,* assistant attorney-general, for state.

No brief of either counsel found in the record.

Argued orally by *E. O. Sykes* and *Geo. T. Mitchell,* for appellant and *R. N. Miller* and *Jas. R. McDowell,* assistant attorney-general, for state.

SMITH, J., delivered the opinion of the court.

Appellant was indicted for murder, convicted of manslaughter, and appeals to this court.

When this cause was under investigation by the grand jury, the district attorney had the evidence taken down by a stenographer, introduced by him into the grand jury room for that purpose. A motion to quash, setting up this fact, was filed by the appellant, and by the court overruled. The stenographer's notes were transcribed, and the district attorney and private counsel, employed to assist him, were each given a copy thereof; but, acting upon the instruction of the district attorney, the stenographer declined to give a copy to counsel for appellant. All that this stenographer did, while in the grand jury room, was to take down the evidence, and this evidence was not discussed or commented upon in his presence by any member of the grand jury.

The introduction of this stenographer into the grand jury room was without authority of law; but, since it is manifest that appellant could not have been prejudiced thereby, he cannot be heard to complain thereof. In all of the cases wherein this court has reversed the judgment of the lower court overruling motions of this character, it appeared that the unauthorized person was introduced into the grand jury room for the purpose of aiding, in some way, in procuring the finding of the bill of indictment. It is to be hoped, however, that prosecuting attorneys will abstain from indulging in experiments of this character; for cases may easily arise wherein the court cannot say that the defendant could not have been prejudiced thereby; and, unless the court can so say, the indictment must be quashed, for in that event the court will not inquire into whether or not the defendant was in fact prejudiced.

Before entering upon the trial, appellant requested the court to clear the courtroom of all persons, except court officials, jurors, parties, and witnesses, etc., as provided in section 26 of our state Constitution, which request was by the court denied. The discretion vested in the court by this section of the Constitution is in the interest of public morals. It abridges, instead of enlarging, a de-

fendant's rights, and whether it is exercised or not is a matter with which he had no concern. Moreover, murder is not one of the crimes enumerated in this section. The request, therefore, was properly denied.

The admission of testimony introduced by the state over appellant's objection, tending to show neglect by him of his wife, may have been error, as to which we express no opinion; but in view of all the evidence in the case, and the verdict rendered, it is hardly probable that it had any influence whatever upon the jury in arriving at their verdict. Granting this action of the court to have been erroneous, it is not such an error as necessitates a reversal.

Appellant, who testified in his own behalf, was on cross-examination asked, by counsel for the state, if his (appellant's) wife would testify, and also whether he would object to his wife being introduced as a witness for the state. Both of these questions were objected to, and the objections sustained by the court. Appellant contends that asking these questions constituted a comment on the failure of his wife to testify, and that consequently he is entitled to a reversal. These questions were highly improper, and should not have been asked, but so doing does not constitute reversible error. *Finklea* v. *State,* 94 Miss. 780, 48 South. 1.

Appellant insists most earnestly that the court erred in granting instructions asked by the state. We are relieved from any consideration of the instructions relating to the crime of murder, for the reason that appellant was convicted of manslaughter, and is, therefore, presumed not to have been prejudiced by any instructions relating to the crime of murder. The court may have erred in granting other instructions asked by the state; but a careful review of the whole record convinces us that such errors, if errors in fact there be, could not have prejudiced appellant.

We find no reversible error in the other matters complained of.　　　　　　　　　　　　　　　　　*Affirmed.*