BRYANT *v.* STATE.

(Division A.   Nov. 8, 1937.)

[176 So. 590.   No. 32713.]

740

Currie & Currie, of Hattiesburg, for appellant.

744

**W. D. Conn, Jr.,** Assistant Attorney General, for the state.

Argued orally by **Neil T. Currie**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.**, delivered the opinion of the court.

The appellant, Robert Bryant, was convicted on an indictment charging bigamy, the pertinent part of which is as follows: "That Robert Bryant on the 6th day of July, 1936, in Forrest County aforesaid: being then and there legally married to Mrs. Melinda Parker Bryant did then and there wilfully, unlawfully, feloniously, knowingly and bigamously marry and have for his wife, one Hattie Byrd."

After the appellant had entered a plea of not guilty in the aforementioned indictment, and after a jury had been impaneled to try the case and both sides were ready to offer evidence, counsel for the appellant asked leave to withdraw the plea of not guilty and to file a demurrer to the indictment, which demurrer was attached to the motion to withdraw the plea. The court held that "the demurrer is not timely, comes too late, and, therefore, the motion is overruled."

The action of the court is in line with section 1206, Code of 1930, which is as follows: "All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

The appellant, however, contends that the indictment is so defective as not to constitute a charge of bigamy, or any other crime, his contention being based on two grounds raised by the proffered demurrer: (1) That the indictment failed to allege that Mrs. Melinda Parker Bryant was living at the time of the second marriage; and (2) that the indictment drawn under section 795, Code of 1930, does not negative the exceptions set forth in section 796, Code of 1930, the statutes relating to the crime of bigamy.

1. We think it is clear from the language of the indictment wherein it is charged that the appellant married Hattie Byrd when he was "then and there legally married to Mrs. Melinda Parker Bryant," is sufficient to charge that Mrs. Melinda Parker Bryant was, when the second marriage was consummated, then living. We think also that the appellant was sufficiently informed of the nature and cause of the accusation preferred against him; that there was such a specific, sufficient description of the offense as to enable him to make preparation for his trial, and such identification of it as to bar another trial thereon.

In effect, the indictment charged that the marriage relation still existed "then and there" between the accused and Melinda when he "then and there" married Hattie. This is equivalent to saying that Melinda was alive when the second marriage took place. In the sense here used, he was not then and there married if the woman, Melinda, had been dead, so that the obvious is true that the indictment sufficiently avers that Melinda was living at the time it is averred that the accused married Hattie. Marriage does not exist as to the survivor after the death of one spouse. The indictment sufficiently alleges that the accused had two living wives at the same time. The evidence in this case shows, without question, that Mrs. Melinda Parker Bryant was living at the time of the second marriage, and was, in fact, at the courthouse on the date of the trial of this

cause in the lower court. We do not commend the form of this indictment to the bar, as, of course, it is necessary to allege and prove that the spouse of the first marriage was living when the second marriage is contracted in order to constitute bigamy.

2. The contention that it is necessary on a charge of bigamy to negative the exceptions set forth in section 796, Code of 1930, is without merit, as it is not necessary to do so. See Bennett v. State, 100 Miss. 684, 56 So. 777.

It is next assigned as error that Mrs. Melinda Parker Bryant was called as a witness by the district attorney, as to which the following transpired:

"By Mr. Deavours (the district attorney): 'Q. What is your name, please Ma'am? A. Melinda Bryant.

" 'Q. Speak out loud, Mrs. Bryant, so all these men can hear you. A. Yes, sir.

" 'Q. Mrs. Bryant, are you acquainted with Robert Bryant, the defendant in this case? A. Yes, sir.'

"By Mr. Currie: 'The defendant objects.'

"By the Court: 'Why? State your ground for objection.'

"By Mr. Currie: 'We object.'

"By the Court: 'Overruled.'

"By Mr. Currie: 'The court couldn't require me to state my ground for objection.'

"By the Court: 'I believe the Supreme Court has held that unless the ground is stated, the objection shall be overruled.'

"By Mr. Currie: 'We object.'

"By Mr. Deavours: 'We will withdraw the witness.'

"By Mr. Currie: 'The defendant now moves the Court to enter a mistrial in this case.'

"By the Court: 'Overruled.'

"By Mr. Currie: 'For the reason that the District Attorney knew that it is a violatoin of the law to cause the wife, or the alleged wife of the defendant to testify against him, and he has introduced her—made

profert of her here before the jury, and alleging in the indictment that she is the legal wife of the defendant— and he has made profert of her and examined her in part before the jury, and we move the Court to enter a mistrial and discharge the jury.'

"By the Court: 'Proceed, Gentlemen.'

"By Mr. Currie: 'We want a ruling.'

"By the Court: 'Overruled.'

" 'Except.' "

We here state that, independently of the above incident, the fact that his wife, Mrs. Melinda Parker Bryant, was living at the time of the marriage and at the time of the trial, fully appears in the evidence; and the jury could not have done otherwise than to bring in a verdict of guilty in this case.

Under section 1528, Code of 1930, the lawful wife of the accused, tried on an indictment, is not a competent witness against him. See McQueen v. State, 139 Miss. 457, 104 So. 168, wherein a case was reversed because the court permitted the first wife of the defendant to testify as a witness against him in order to establish the first marriage. In the case at bar, the first wife did not testify against the accused, except by profert of her person before the jury; and we are not prepared to say that the introduction of the wife, sworn as a witness before the jury, was reversible error, in fact, we are of opinion herein that it was harmless error, as the guilt of the appellant was amply and fully established by all the other evidence in the case.

We find no reversible error herein.

Affirmed.