OUTLAW *v.* STATE.

In Banc. Dec. 31, 1949.

No. 37346 (43 So. (2d) 661)

G. M. Holmes, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

Appellant was convicted of the unlawful possession of intoxicating liquor, second offense. He contends that the trial court erred in admitting in evidence the judgment of his conviction of the first offense. In this connection he first says that error was committed in permitting the record of his first conviction to be identified by a justice of the peace who succeeded the one who tried him, the trial justice having died in the meantime and his term of office having thereby necessarily expired. The succeeding justice of the peace was the custodian of the record and was the proper witness to identify it as well as to identify all docket entries made by his predecessor, and we find no merit in this contention. It is next contended that the judgment which was introduced, while showing a plea of guilty, contains in addition thereto certain recitals which were prejudicial to appellant in that the judgment shows that on the occasion of the rendition thereof the appellant was also charged with selling liquor and with unlawfully carrying concealed a deadly weapon which charges were

"dismissed and settled finally" upon the plea of guilty to the charge of possessing liquor. Before appellant could be convicted in the present case as a second offender it was absolutely necessary that the former conviction or plea of guilty be proven by the state, and we know of no better way to make that proof than by introduction of the judgment of conviction. The fact that said judgment showed dismissal of the other charges did not, in our opinion, operate unduly to the prejudice of appellant. By this judgment he was cleared of the other charges. Appellant next contends that the search warrant was void and the search unlawful for two reasons. The liquor in this case was found locked in a metal box or locker in an outhouse in the back yard of the lot on which appellant's residence was situated. Appellant contends that no search of this outhouse was authorized. The property to be searched, as described in both the affidavit and warrant, included not only the residence but also the outhouses on the premises, and in our opinion the description was sufficient to authorize a search of the house where the liquor was found. It is next contended that service of the warrant was void because on the occasion of this search the appellant was not at home, and the officers left a copy of the search warrant on his bed, and that under Section 1859 of the Mississippi Code of 1942 a copy of the search warrant should have been posted on appellant's door. Said section applies only to the service of summons in civil actions and has no application here. The applicable statute is the concluding paragraph of Section 2614 of the 1942 Code which provides that a copy of the search warrant shall be served on the owner or person in possession of the premises if such person be present or readily found. Appellant was not present at the time of the search and it was therefore not necessary to serve a copy of the writ on anyone or to post a copy on his door. The act of the officers in leaving a copy on his bed did not render the search void.

▮▮▮ Appellant contends also that error was committed by the district attorney in accusing him of perjury during the course of the argument of the case, but the record shows that no objection was made at the time of the argument and the question was not raised until after the argument was concluded and the jury retired. In this state of the record the point is not properly preserved for review.

Appellant further contends that error was committed by the prosecuting attorney in asking appellant while on cross-examination after testifying in his own behalf whether he would object to his wife being brought in to testify in the case, and by the court in compelling him to answer the question over objection of his counsel, and by the prosecuting attorney in subsequently offering the wife as a witness. After being compelled to answer, his reply was, "I leave that up to my lawyer". Appellant's wife was brought to the witness stand to testify against him in rebuttal, objection was made by appellant's counsel and sustained by the court, and counsel then requested the court to instruct the jury that the wife is not a competent witness against her husband, and the court replied "That's right, unless it is agreeable by the husband." To emphasize the full import of the situation we call attention to the fact that it had already been shown by the evidence that appellant and his wife were separated and a divorce suit was then pending between them. Under a preliminary order of the chancery court both the husband and the wife were permitted to occupy the residence during the pendency of this divorce suit. He occupied one bedroom in the main residence and she and two unmarried sons occupied the remainder of the house. All of them had access to the outhouse at the rear of the main residence and the door to this outhouse was not locked. In the room where the liquor was found there were several items of personal property, some of which belonged to appellant and some belonged to a third son

who lived about six miles away, including a refrigerator which was being used by appellant's wife. There was no testimony as to ownership of the box or locker in which the liquor was found. Appellant's three sons were used as witnesses by the state and all of them denied ownership of the liquor and box, and all said that they did not know who owned it. The only evidence connecting the appellant with the liquor was the fact that it was on the premises owned by him and the further fact that some of the officers testified that after the search he admitted ownership of the liquor, which alleged admissions were denied by appellant. We are of the opinion that it was a case for the jury on the facts and that the jury could have found appellant either guilty or innocent; on the first trial the jury were unable to agree on a verdict, which shows that at best it was a close case.

Since the case was close on the facts we are of the opinion that it was not only error but prejudical error for the district attorney to ask appellant whether he objected to his estranged wife's testifying for the state and for the court to require appellant to answer the question, and that it was further prejudicial error for the district attorney to then bring this estranged wife before the jury and offer her as a witness against appellant. The district attorney well knew that the wife was not a competent witness for he prefaced his questions to appellant with the statement, "You know that in a case like this your wife can't come in as a witness", to which appellant's counsel objected, but the district attorney immediately asked appellant "Would you have any objection to your wife being brought in here to testify", to which objection was again made, and the trial court compelled appellant to answer the question. This was further than the court went in any of the cases hereinafter mentioned. Moreover, ▮▮▮▮ under our statute the wife was not a competent witness unless both she and her husband consented to her testimony, and the trial court did not recognize the

correct rule when, in sustaining the objection to the wife's testimony when she was offered as a witness, he said "That's right, unless it is agreeable by the husband." Thus there was emphasized the thought that it was left entirely to the husband to consent or object, when in fact the rule is that the wife is incompetent as a witness against the husband unless both she and her husband consent.

Section 1689 of the 1942 Code specifically provides that husband and wife may testify against each other in all controversies between them, "but in all other instances where either of them is a party litigant the other shall not be competent as a witness * * * without the consent of both." In Finklea v. State, 94 Miss. 777, 48 So. 1, it was said: "We think, also, that it was very improper to have introduced the wife of the defendant as a witness against him. She was, of course, manifestly incompetent, and her introduction, under the circumstances of the case, may have had a damaging effect on the jury." The case was reversed and remanded on another ground, notwithstanding that the law was clearly stated as above quoted. In Carter v. State, 99 Miss. 435, 54 So. 734, 735, it was said: "Appellant, who testified in his own behalf, was on cross-examination asked, by counsel for the state, if his (appellant's) wife would testify, and also whether he would object to his wife being introduced as a witness for the state. Both of these questions were objected to, and the objections sustained by the court. Appellant contends that asking these questions constituted a comment on the failure of his wife to testify, and that consequently he is entitled to a reversal. These questions were highly improper, and should not have been asked, but so doing does not constitute reversible error." The court in that case was of the opinion that in view of all the evidence it was hardly probable that the errors alleged had any influence upon the jury in arriving at its verdict, since the appellant was

charged with murder and convicted of manslaughter. In State v. McMullins, 156 Miss. 663, 126 So. 662, where the estranged wife was charged with arson in connection with the burning of a building belonging to her husband, it was held that the husband was not a competent witness against his wife. In Bryant v. State, 179 Miss. 739, 176 So. 590, 592, which was a prosecution for bigamy, the first wife was called as a witness against her husband and, upon objection, she was not permitted to testify and was withdrawn from the witness stand. This court said "we are not prepared to say that the introduction of the wife, sworn as a witness before the jury, was reversible error, in fact, we are of opinion herein that it was harmless error, as the guilt of the appellant was amply and fully established by all the other evidence in the case."

From these authorities it is seen that this court has repeatedly held that it is improper for the prosecution to call the defendant's wife and offer her as a witness against him. We seriously doubt that there is a prosecuting attorney in this state who does not know this to be the law. A violation of this salutary rule by a prosecuting attorney must be interpreted as motivated by a desire to prejudice the jury against a defendant and tip the scales against him in a close case such as is here presented, with the hope that this court will say on appeal, as it did say in some of the foregoing authorities, that the defendant has been proven guilty notwithstanding the error, and that consequently the error will be held harmless. This is a case in which we cannot confidently so assert. Since every man is entitled to a fair and impartial trial by a jury uninfluenced by anything except competent evidence, and since all reasonable doubts should be resolved in favor of the defendant, the judgment of conviction will be reversed and the cause remanded for another trial.

Reversed and remanded.