BELL *v.* STATE

No. 42414          December 10, 1962          147 So. 2d 624

*A. M. Edwards, Jr.,* West Point, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, P. J.

Albert Bell was convicted of the crime of manslaughter in the unlawful and felonious slaying of Joe Lenoir. From a sentence and judgment of four and one-half years in the state penitentiary, he appealed.

The State and defense versions were in conflict; the issue of guilt or innocence was properly submitted to

the jury; and the verdict of the jury was fully supported by the evidence.

The appellant insists that he was entitled to a mistrial because of the following occurrence: As its third witness, the State called Jessie Louise Bell, who was asked her name and where she lived. At that juncture counsel for defendant said: ''Your Honor please, we object and move for a mistrial in this cause. This is the wife of the defendant. THE COURT: Well, she hasn't testified to anything yet. MR. BUCK: She hasn't testified and I don't believe she is the legal wife of the defendant.'' The jury was retired, and, after considerable questioning, the court said that, since the witness would be withdrawn by the State, he would not rule as to whether she was in fact the wife of the defendant; and that the motion for a mistrial would be overruled.

In the early case of Finklea v. State, 94 Miss. 777, 48 So. 1, the prosecuting attorney called the defendant's wife to the stand as a witness for the State, and, in the presence of the jury, caused the defendant to object to her as being incompetent to testify. The objection was promptly sustained by the trial court. On appeal this Court held that the prosecutor's act was improper, but it declined to reverse the case for that error. In Carter v. State, 99 Miss. 435, 54 So. 734, the State's counsel asked the defendant, on cross-examination, if his wife would testify and whether he would object if the State should call her as a witness. The defendant's objection was promptly sustained. This Court, while saying that these questions were highly improper, declined to denominate this occurrence as reversible error. Again, in Bryant v. State, 179 Miss. 739, 176 So. 590, which was a bigamy prosecution, the introduction of the first wife, who was sworn but withdrawn before she testified against the defendant, was held to be harmless error.

The situation is different where the conduct of the prosecutor is in a taunting and reproachful manner, which can be construed as a criticism of the defendant for failure to put his wife on the stand or to let her testify. Such was the case of Outlaw v. State, 208 Miss. 13, 43 So. 2d 661; and the error in such instance, was held to be reversible. See also Wilson v. State, 204 Miss. 111, 37 So. 2d 19, to the effect that the trial court must give an opportunity for full inquiry into competency if the state of the marital relation is in dispute.

██ █ The colloquy in the courtroom in this case clearly indicated that the district attorney was not trying to take advantage of the defendant. On the contrary, it appeared that he did not know of any marital ties between the witness and the defendant. Counsel for defendant apprised the court and jury of the alleged status. If he had simply asked for the jury to be retired and that the matter then be considered by the court, the jury would have known nothing about it. This occurrence, insofar as the State was responsible, could not have resulted in any harm to the defendant. The judgment must therefore be affirmed.

Affirmed.

*McGehee, C. J., and Kyle, Ethridge and Rodgers, JJ.,* concur.