296 So.2d 692 (1974)
Norval L. FLAKE
v.
STATE of Mississippi.
No. 47890.
Supreme Court of Mississippi.
May 27, 1974.
Rehearing Denied July 15, 1974.
*693 Roland B. Skinner, Biloxi, William A. Pate, Gulfport, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Norval L. Flake, having been convicted in the Circuit Court of Harrison County of the unlawful sale of a "controlled substance" (marijuana) was sentenced to serve a term of 10 years in the penitentiary, with credit for time spent in jail. From that sentence and conviction, he has appealed.
Flake and one Treloar were inmates of the Harrison County Jail. Both were "trustys" and enjoyed extensive privileges, apparently including the privilege of leaving the jail and of going about the town as they chose.
According to Flake, testifying as a witness in his own behalf, he was approached by Treloar who asked him if he, Flake, desired to make $10. He was told by Treloar, according to Flake, that he would be paid that sum if he would accompany Treloar that night in delivering a package for "a friend." He was not, Flake said, told what was to be in the package.
The "package," it turned out, was wrapped in what appeared to be an old army shirt. It was taken by the two trustees from the jail to a location at or near the steps of a church in town. Here the package was placed on the ground or in some bushes. After Flake and Treloar had waited at the steps for a time, an automobile drove up and stopped, obviously by prearrangement. In the automobile was an undercover agent of the Mississippi Bureau of Narcotics. With him in the car was one Rose, a coindictee in this case with Flake and Treloar. According to the agent, Flake went over and got the package out of the bushes and brought it to the car. Both Flake and Treloar then got into the back seat and Flake placed the package on the floor. It appears that packages of marijuana had been taken from the evidence locker in the Harrison County Jail. A conversation which then took place in the car included a discussion between Rose and the undercover agent concerning a proposal that packages of mud and grass be made up, identical in outline to the package here involved, which would be placed back into the evidence locker as substitutes for marijuana which would be removed. In that way, it was said, the entire 70 pounds of marijuana contained in the evidence locker eventually could be taken out and sold. It was suggested that this particular transaction would result in one of the "biggest ripoffs" ever to occur in Gulfport. While marijuana was not mentioned by name, the contents of the package were referred to as "weed". Also, the possibility of a similar transaction being carried out the next week was discussed. Flake said that he remained quiet and said nothing while the other occupants of the car engaged in these conversations.
Flake contended that he had no idea that the package contained marijuana. He said that the purchase money was paid to Treloar, not to him, and that Treloar only gave him $10 for his "help" in delivering the package for "a friend."
It is argued that it was error to refuse to direct a verdict for the appellant because, it is insisted, it was not shown that Flake knew that the package contained marijuana. We have read and carefully considered the record and have concluded that under all of the circumstances in evidence, the jury was not required to believe Flake's assertion that he did not know. The trial court was correct in declining to take the case from the jury.
We are urged to hold that the trial court erred in refusing to grant two instructions requested by appellant. Upon examination, it appears that neither of these instructions correctly stated the law. However, the principle, about which (apparently) it was desired to inform the jury *694 by the requested instructions, was correctly stated in Defendant's Instruction Number 1, which the trial court granted to appellant. This instruction read:
The Court instructs the Jury for the Defendant that in order for you to convict the Defendant, you must find that he knowingly and wilfully sold marijuana.
Next, it is argued that the Mississippi Crime Laboratory Toxicologist, who identified the substance as having been marijuana, was not a qualified expert and, therefore, his testimony should not have been allowed.
Both by education and experience this witness was qualified as an expert in this particular field. The principal complaint now seems to be that the three procedures, which he had employed in reaching his conclusion, were not those which counsel for appellant feel he should have used. The substance was subjected to three separate and distinct tests, each of which indicated that it was marijuana. A document, referred to as the "United Nations Document," which is relied upon by appellant as reflecting the inadequacy of the tests applied, was not introduced and is not before us. We cannot say that the education and experience of the witness did not qualify him to do his job, and each of the three several tests reflected that the substance was, in fact, marijuana. This Court has long held that the qualification of a proffered witness to testify as an expert is a matter for determination by the trial court, and that the decision of the trial court in that regard will not be disturbed on appeal unless an abuse of discretion is disclosed. Grinnell v. State, 230 So.2d 555 (Miss. 1970). The weight to be given the testimony is, of course, a matter for the trier of facts.
The rule is well stated in Bynum v. Mandrel Industries, Inc., 241 So.2d 629, 633 (Miss. 1970):
It has long been accepted as a general rule of evidence that the opinion testimony of one who has acquired special knowledge of a subject, either by study, training or practical experience, may impart to the jury such acquired knowledge so as to aid them in determining an issue with which the jury is not familiar. 20 Am.Jur. Evidence § 783, p. 656 (1939); 31 Am.Jur.2d Expert and Opinion Evidence § 26, p. 523 (1967).
We said in Glens Falls Insurance Co. v. Linwood Elevator, 241 Miss. 400, 130 So.2d 262 (1961):
* * * [A] witness need not be infallible or possess the highest degree of skill to testify as an expert. It is generally sufficient that the witness possess knowledge peculiar to the matter involved, not likely to be possessed by ordinary laymen. * * * (241 Miss. at 417, 130 So.2d at 268).
Complaint as to the length of the sentence imposed is also without merit. The maximum sentence permitted under the statute for the offense is 20 years. The 10 year sentence imposed, being within permissible limits, will not be disturbed on appeal. The conviction and sentence appealed from must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.