BOWLING, Justice,
for the Court:
Appellants, along with two other persons, were indicted for the crime of rape in the Circuit Court of Yalobusha County, Mississippi. Appellants requested a severance and a joint trial. The jury found each appellant guilty of the crime charged and each was sentenced to a term of fifty years in the custody of the Mississippi Department of Corrections.
Appellants filed separate assignments of error but each are identical. They are:
1. The trial court erred in admitting the confessions of each defendant into evidence.
2. The trial court erred in permitting Agent Barber to testify regarding the confession of each defendant.
3. The evidence in the case fails to support the burden of proof required to sustain the verdict of guilty of rape.
4. The trial court erred in sentencing the defendants to a term of fifty years.
The evidence revealed that on the night of June 12, 1976, David Thorpe and Merya Medson were traveling through the State of Mississippi in a southerly direction on Interstate Highway 55. They were residents of the State of Wisconsin, and were on their way to Biloxi, Mississippi, to visit Miss Med-son’s sisters. According to their testimony, they stopped at a public rest area a short distance north of Enid Dam Reservoir, and while there they saw the four persons indicted herein. It was their intention to spend the night at a public camping place at the reservoir site. They left the rest area and while they were still on the motorcycle but inside Federally owned property, they were stopped by a car containing four black males. Thorpe and Medson were forced onto the back seat of the car between two of the occupants and were forced to place their heads near the bottom of the car. The car was then driven approximately three miles to the edge of a pasture. Thorpe was then locked inside the trunk of the car. Medson was disrobed and carried to the pasture, where she testified that she was raped by each of the four males. Thorpe was then released from the trunk of the car and both were ordered to lie face down on the ground while the participants in the incident drove away. Thorpe and Medson were able to make their way to a light seen in the area, and after about forty minutes time and crossing two creeks, they found a house and notified authorities.
Appellants were arrested during the afternoon of July 2, 1976, and first carried to the county jail in Panola County, the county of their residence. During the later part of the afternoon or early evening, they were then carried to Water Valley and placed in the Yalobusha County jail.
POINT 1.
Appellants allege that testimony of witnesses Kenneth Hughes and George Barber, FBI Agents, regarding the confessions secured by them from appellants was not admissible and that their objections to the *1125 confessions should have been sustained. Hughes testified that the reason for their participation in the matter was the occurrence of the incident on Federally owned land. Both Hughes and Barber testified that they first interviewed appellant Caldwell in the Yalobusha County jail, beginning at approximately 9:30 P.M. Their testimony was that Agent Hughes identified himself to appellant Caldwell and orally advised him of his rights. He then secured the execution by Caldwell of a written acknowledgment of appellant’s rights and a waiver of rights. This was in the usual form, advising appellant that he had the right to remain silent; anything he said could be used against him in court; the right to talk to an attorney for advice before answering questions; that a lawyer would be appointed for him if he could not afford one; and the right to stop answering questions at any time. The signature of Caldwell was secured on the instrument and witnessed by both Hughes and Barber, stating that,
I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me, and no threats or coercion of any kind have been used against me.
The testimony of Hughes and Barber was that beginning about 10:45 P.M., they secured a confession from appellant Market, after advising him of all his rights and after Market had signed a waiver, the same as discussed above in regard to Caldwell. The time for beginning the statement was set out on each waiver. Hughes further testified that he asked questions of each appellant when their respective confessions were secured, and that he, Hughes, made notes of their answers as the statements progressed. We do not think it is necessary to repeat all that was said in the interrogation as related by Hughes and Barber. It suffices to say that according to the witnesses, both appellants related in much detail the incident as previously testified to by Thorpe and Medson. [Thorpe and Medson, in testimony prior to that of the FBI agents, had identified the appellants as two of the persons participating in the rape.]
Outside the presence of the jury, both appellants testified that they were sleepy and tired and that witness Hughes had shown them a gun at some point during the interrogation. There was no claim of any threat to use a gun, only a claim that seeing the gun made them afraid. Both appellants denied signing the acknowledgment and waiver of rights form. After hearing testimony from appellants and the FBI agents, the lower court held as a fact that there was no coercion of appellants and that they did not give the confessions under threats or any fear of bodily harm. The court found that appellants had been given all rights to which they were entitled under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694 (1966).
Appellants contend that under Miranda and applying the “totality of the circumstances” test, the lower court’s admission of the confessions was erroneous. A reading of the testimony clearly shows that the lower court was not only justified but was required under the evidence presented to deny appellants’ motion to suppress the confessions.
In addition to the above discussed contentions, appellants claim that the fact that they were only 21 years of age brought them within the “totality of the circumstances” test requirements. A reading of the testimony of appellants clearly justified the lower court holding that this contention was invalid. We agree with the lower court. In fact, it is hard to visualize a case where the proof showed confessions that were more admissible than those of appellants.
POINT 2.
Appellants contend that FBI Agent Barber was erroneously permitted to refresh his memory with notes written by Agent Hughes. Hughes previously had testified that after securing the confessions *1126 and making long-hand notes thereof, he dictated into a recording machine the contents of the notes and under FBI procedure, forwarded the tapes to the central office in Jackson where they were transcribed and returned to Hughes. Barber testified that he made some notes himself. He related in detail the confessions of appellants the same as testified to by Hughes. At one point when he was asked to relate “if anything happened after the rape occurred,” Barber stated that he “would have to refresh my memory if I may.” He then did so by examining the notes actually written by Hughes in long-hand at the time both men were securing the confessions. The record is clear that Barber refreshed his memory from the notes on minor points. He participated with Hughes in the entire questioning, and in our opinion, the court permitting Barber to refresh a small part of his memory with the notes taken in his presence is not reversible error. The witnesses were cross-examined extensively by attorneys for appellants.
POINT 3.
The appellants contend that the necessary elements of the charge of rape, particularly forcible penetration, were not established by the State. There is no reason to rehash all the testimony of the witnesses. The witness Medson testified positively that she was penetrated by all four participants in the crime. She was examined the same night by a physician who found bruises on her body; he found grass and dirt in her pubic region; a microscopic examination revealed numerous spermatozoa and the same were found on the victim’s panties. The jury clearly was justified in finding that Miss Medson was forcibly raped by each of the four persons, which included the appellants. Wideman v. State, 339 So.2d 1378 (Miss.1976); Fields v. State, 293 So.2d 430 (Miss.1974); Lang v. State, 230 Miss. 147, 87 So.2d 265 (1956).
POINT 4.
Appellants contend that the sentences of fifty years were excessive. The verdict of the jury was that it was unable to determine the sentence of either appellant. In several cases we have held that “it is well settled that the imposition of a sentence is within the discretion of the trial court and this Court will not review the sentence if it is within the limits prescribed by statute.” McAdory v. State, 354 So.2d 263 (Miss.1978); Ainsworth v. State, 304 So.2d 656 (Miss.1974); Flake v. State, 296 So.2d 692 (Miss.1974).
We find no reversible error and the convictions and sentences of each appellant must be and are affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and LEE, JJ., concur.
COFER, J., took no part.