HAWKINS, Justice,
for the Court:
Walter Owens, III, appeals from a conviction of murder in the Circuit Court of the First Judicial District of Hinds County. We reverse and remand the case.
The main issue on appeal is whether reversible error was committed by the State in calling the wife of the appellant as a witness. He contends that the State’s action forced him to object to her testimony in the presence of the jury. He further argues that the error was compounded during his cross-examination when the State asked him about his wife’s presence during the fatal difficulty, without eliciting any material fact other than her presence.
Ellis M. Hubbard, also called James Hubbard, owned and operated a rooming house located at 928 Hunt Street in Jackson. J. T. Tillman and his sister, Bertha, were residents of the rooming house along with Hubbard.
Martha Tillman Owens, a sister of J. T. and Bertha, was married to Owens, and they had four children. Martha separated from the defendant about three months pri- or to November 30, 1979, and she and the children moved into the house on 928 Hunt Street.
Owens visited his children fairly frequently, “every other day” or so, according to the record. He was unemployed.
Around 6:30 p. m. on November 30, 1979, Owens went to the house and wanted to take the children out, but Martha objected and he left. Around 7:30 p. m. he returned. According to Owens, he was going into the kitchen for some food for his daughter, and Hubbard, who had not eaten, got into an argument with him. Since this case must be reversed for a new trial we will not detail the recorded particulars of what transpired. Suffice it to say, the argument continued, and Owens went out to his car, got a pistol, and shot and killed Hubbard, who was standing in the front doorway of the house. Martha Owens was not involved in any manner in the controversy between Hubbard and Owens.
Owens later arrested and admitted killing Hubbard. Sufficient evidence was presented to warrant his conviction of murder.
J. T. Tillman testified as a witness for the State. While the record reflects the district *693 attorney at first was perhaps confused as to the relationship of the parties living in the rooming house, Tillman clarified the matter, testifying that Martha and Owens were married, but were separated, as far as he knew. He did not know how long they had been separated prior to the slaying. Tillman further testified that Bertha was not at the rooming house at the time of the fatal difficulty.
Following Tillman’s testimony, the State called Martha as a witness. The record reflects the following transpired:
Q. Would you state your name, please?
A. Martha Owens.
Q. And where do you live, Ms. Owens?
A. In Mendenhall, Mississippi.
Q. Are you married?
A. Yes.
Q. Who are you married to?
A. Walter Owens, III.
Q. Is Walter Owens, III in the courtroom today?
A. Yes.
Q. Would you point him out, please?
A. (Witness pointed.)
BY MR. FRAISER: Would you let the record reflect that the witness has identified the Defendant?
BY THE COURT: So reflect.
Q. And where did you say you live, Ms. Owens?
A. Mendenhall.
Q. In Mendenhall?
A. Um-hmm.
Q. I direct your attention back to the night of November the 30th, 1979, do you recall that date?
BY MR. POOLS» If the Court please, we object and we’d like to be heard. (R. 73)
In chambers the State further questioned Martha, and counsel for the defendant renewed his objection, which was sustained. Defense counsel then moved for a mistrial, which was overruled.
When Owens took the stand in his own behalf, the State compounded this error by insinuating, over the objection of the defense, that the defendant and Martha had an argument that night because he was not making child support payments, which Owens denied.
Further, and again over the objection of defense counsel, the State questioned the defendant about Martha being in the living room of the house and being a material witness to some of the trouble between Hubbard and the defendant.
Defense counsel made the following statement to the court in chambers:
BY MR. POOLE: If the Court please, the District Attorney has by the last questioning attempted to bring out once again the fact that here are certain things that the wife — his wife and he talked about and here are certain things that he and his wife — that his wife knew and therefore, she would be an ideal witness. Once again, we submit, Your Hon- or, in a sole effort to prejudice this Defendant in the eyes of the Jury because he has had to object to his own wife testifying and all of this in the presence of the Jury. I submit, Your Honor, that it is not just this error, but it’s an accumulation of errors on the part of the District Attorney that we submit — we humbly submit is a design on his part to feel that guilt or innocence is less relevant than winning or losing down in the lower court. We object to the — first we object to the line of questioning concerning the wife. (R. 146)
The court overruled the objection and permitted the State to question the defendant before the jury about the presence of Martha, and that she must have been an eyewitness to part if not all of the trouble. This could only have tended to affix in the minds of the jury that Martha was an eyewitness, and but for objection from the defendant, could testify to material facts concerning this difficulty.
We are not holding that a defendant may not be cross-examined to ascertain the persons present at the scene of the crime with which he is charged even if one of the persons is a spouse of the defendant. Where, however, the state has called the *694 spouse of the defendant to the stand and defendant has objected to the testimony of his spouse, as in this case, it is error to permit the state to cross-examine the defendant about the presence of his spouse at the scene of the crime with which defendant is charged.
Mississippi Code Annotated § 13-1-5 (Supp. 1980) provides that in a criminal case such as this, where there was no controversy between the husband and wife, one spouse is not a competent witness against the other without the consent of both. As we stated in Warren v. State, 336 So.2d 726, 730 (Miss.1976), this right would mean little or nothing if the exercise of the right is made the means of prejudicing the jury against the accused.
The State can hardly claim it innocently placed Martha on the stand, unaware that she was Owens’s wife. In the first place, if her brother had not made it abundantly clear on direct and cross-examination that Martha was the wife of Owens and that they were not divorced, Martha could have told the State, had it chosen to ask her before putting her on the stand as a witness.
Although this Court has uniformly held it to be error for the State to call a spouse to the stand as a witness against the other, we have not always held it to be reversible error. See Bell v. State, 244 Miss. 867, 147 So.2d 624 (1962). We think, however, the facts in this case more closely resemble those in Warren and in Outlaw v. State, 208 Miss. 13, 43 So.2d 661 (1949). There is sound public policy supporting the law that one spouse should not be a competent witness against the other except in certain circumstances, as enunciated by statute.
Also assigned as error was the giving of a manslaughter instruction on behalf of the state incorporating culpable negligence. This instruction should not be asked for or given on retrial.
The State also adduced evidence of collateral matters pertaining to trouble between the defendant and his wife concerning child support, that the gun used by the defendant had been stolen, and events occurring after the shooting. These assignments of error would not otherwise be considered because they were not timely raised by an objection in the trial court. We do mention them, however, and suggest that the State, in event of a retrial, restrict the proof to pertinent, relevant facts. We rely upon the able State’s attorney and the trial judge to restrict the evidence within appropriate bounds.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.