288 So.2d 720 (1974)
Clyde SMITH
v.
STATE of Mississippi.
No. 47602.
Supreme Court of Mississippi.
January 7, 1974.
Rehearing Denied February 12, 1974.
Johnston & Johnston, Howard A. McDonnell, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Clyde Smith was indicted by the Harrison County Grand Jury for the murder of Joseph Julius Ladet. The first trial, in the Circuit Court of the Second Judicial District of Harrison County, resulted in a mistrial. On the second trial he was found guilty of manslaughter, and sentenced by *721 the court to five years in the State Penitentiary.
Ladet, the deceased, also known as "Jay-Boy", had been living with appellant's stepdaughter without benefit of marriage. He was a bad actor and had been convicted of many crimes of violence. He was about 6 feet tall, weighed about 200 pounds, and was a heavy drinker. There was testimony that Ladet, in the past, had assaulted another stepdaughter of the appellant, had assaulted appellant's wife, had assaulted the appellant and knocked him unconscious about one month before, and had threatened to kill appellant, which threat was communicated to the appellant the latter part of February, 1972.
On March 26, 1972, Ladet was sitting in the kitchen of appellant's home drinking vodka or gin. Appellant, in removing hunting and camping gear from his car, found the glove compartment open and a pistol lying on the lid of the glove compartment. Appellant also found his checkbook in the car without the $20 bill that he had left in it. When appellant went back in his home, he asked Ladet, who had last used appellant's car, if he had taken his money. According to the appellant and his wife, Ladet looked up and said "I didn't take your damned money." Ladet then cursed appellant, stood up and grabbed a steel chair. Appellant pulled the pistol from his pocket and said:
"Jay Boy, I said if you do, I am going to shoot you, and so when he started back with the chair is when I fired the first shot and then he just spun around and I thought that he was coming back around with the chair, when I fired the second shot."
Even though the testimony of the two stepdaughters differed in some respects from that of appellant and his wife, in view of the fact that Ladet had assaulted every member of the family, had threatened to kill appellant, and had been convicted of numerous crimes of violence, it is rather hard for us to understand how the jury could have returned a verdict of guilty even of manslaughter. But the testimony was conflicting and it was a question for the jury to decide. The jury has decided against the appellant.
In Assignments of Error 1 through 4, appellant complains that the court erred in refusing to admit evidence of previous threats and difficulties between appellant and the deceased, and that the court erred in excluding evidence of the character, habits and physical characteristics of the deceased.
A close examination of the record, however, reveals that although the court did exclude certain testimony at the time it was first offered, all of such testimony was eventually admitted after proper predicates had been laid.
Appellant criticizes State's Instructions 2, 3, 5, 6, 7 and 8. We have noted that there was no objection in the record to State's Instructions 2, 3 and 5, even though Rule 42 of this Court states in part:
"It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a Jury instruction in order to prevent manifest injustice." (Emphasis added).
The only objection made to Instructions 6, 7 and 8 was that these instructions do not accurately state the law and are not supported by the evidence. These instructions do accurately state the law and there was ample evidence in the record to justify the granting of them.
*722 However, under the last sentence of Rule 42, the Court notes that State's Instruction 3 apparently misled not only the jury but also the trial judge himself. That instruction was the standard manslaughter instruction but at the bottom contained the parenthetical expression:
"(In which event it will be the duty of the Court to sentence the defendant to a term of years in the state penitentiary.)"
That statement was not accurate because Mississippi Code Annotated section 97-3-25 (1972) provides that a person convicted of manslaughter "shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year or in the pentientiary not less than two years, nor more than twenty years".
The Record recites:
"BY THE COURT: I feel that the Jury expects me to sentence him to a term in the Penitentiary. (Observations by the Court as to what the Jury expects in accordance with instructions submitted to them.)
"I am going to sentence the Sergeant to five years and that will be the sentence of the court."
The sole duty of the jury was to pass on the guilt or innocence of the accused. The jury was not concerned in any way with the punishment to be meted out, and it was error to so instruct it as to what the sentence could be. The duty of sentencing the accused was that of the trial judge alone, uninfluenced by any consideration except that of meting out a fair and proper sentence under the circumstances of the particular case.
Because the trial judge by his very remarks has demonstrated clearly that he was influenced by what the jury expected of him, we feel that a manifest injustice has resulted, and that the sentence should be set aside and the case remanded for resentencing.
Conviction affirmed, sentence set aside and case remanded for resentencing.
GILLESPIE, C.J., and SMITH, SUGG and BROOM, JJ., concur.
SMITH, Justice (specially concurring):
I concur in the conclusions expressed in the foregoing opinion. The Legislature has prescribed a wide range of permissible sentences which may be imposed upon one convicted of manslaughter. In so doing, it was clearly the legislative purpose to enable the Court, in the exercise of sound judicial discretion, to impose such sentence as might be appropriate under all of the relevant factors in the particular case. The present record discloses that the previous record of appellant was exemplary, that the deceased had a long record of convictions of crimes of violence, and the circumstances surrounding the shooting made a very close question as to whether the appellant, in shooting the deceased, has not acted in necessary self-defense. In deciding upon the appropriate sentence, the judge should have felt himself entirely free to give consideration to the whole range of statutorily permissible sentences including those of less than penitentiary confinement, as well as to whether probation might be appropriate under all of the circumstances.