336 So.2d 726 (1976)
Mable WARREN
v.
STATE of Mississippi.
No. 49080.
Supreme Court of Mississippi.
August 17, 1976.
*727 George S. Monroe, Newton, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
SMITH, Justice, for the Court:
Mable Warren was tried in the Circuit Court of Newton County upon an indictment charging her with murder in the shooting death of Janet Bishop. She was convicted of manslaughter and sentenced to serve eight years in the penitentiary.
It appears from the record that Mable Warren and her husband had separated during the first week in December, 1973. There was evidence that the marriage had been a painful and tumultuous relationship. On December 23, 1973, Mable Warren returned to their home and shot her estranged husband and Janet Bishop, his paramour. The husband recovered from his wounds but Janet Bishop died.
The defense interposed at the trial was self-defense and a great deal of evidence was introduced by both sides. Since the case must be reversed and remanded we deem it unnecessary to set out in detail the circumstances which brought about the shooting.
On appeal the action of the trial court in granting an instruction which set out in detail the entire schedule of punishments which might be imposed upon the defendant if the jury should convict her of manslaughter is assigned as error.
The case went to the jury at 11:10 on Friday morning and the jury remained deadlocked throughout that day. At 9:35 the next morning the trial judge gave the jury an additional instruction in which he stated the maximum penalty for murder and manslaughter. The jury having returned to its deliberation and having failed to reach a verdict, at 10:50 that same morning the trial judge gave another instruction specifying the minimum penalty for manslaughter. An objection was interposed by the defendant upon the ground that under the circumstances this instruction amounted to an implication on the part of the court that if the jury would convict her of manslaughter the lesser punishment would be imposed. Twenty minutes after receiving this instruction the jury returned a verdict of guilty of manslaughter, the verdict having contained a recommendation of the defendant to mercy.
In Ellerbe v. State, 79 Miss. 10, 30 So. 57 (1901) this Court said:
This is an indictment for murder and a conviction of manslaughter. The entire defense was put on the ground that the killing was justifiable, and in self-defense. In this condition the state asked an instruction, numbered 3, in these words: "The court instructs the jury that they may find either one of the four following verdicts: First. `We, the jury, find the defendant guilty as charged in the indictment.' Under this verdict the punishment is death. Second. `We, the jury, find the defendant guilty as charged in the indictment, and fix his punishment at imprisonment in the penitentiary for life,'  in which case the court will sentence the defendant to the penitentiary for life. Third. `We, the jury, find the defendant guilty of manslaughter.' Under this verdict the court may fine the defendant in any sum not less than $500, or imprison him in the county jail not more than one year, or both, or may sentence him to the penitentiary not less than two years. Or, fourth, `we, the jury, find the defendant not guilty, which would be an acquittal." We think the granting of this charge reversible error, because of its third clause. It is faulty in stating the punishment, and that in its milder forms. It looks too much like an invitation to the jury to compromise on the lesser offense. The jury have nothing to do with, and should be told nothing of, the character or degrees of punishment in any case whatever, except in murder, in the instance of the first, *728 second, and fourth clauses of the charge, because of the statute. It may be that this charge, and it alone, produced the manslaughter verdict. (79 Miss. at 16-17, 30 So. at 57-58).
In Smith v. State, 288 So.2d 720 (Miss. 1974), the Court stated:
The sole duty of the jury was to pass on the guilt or innocence of the accused. The jury was not concerned in any way with the punishment to be meted out, and it was error to so instruct it as to what the sentence could be. The duty of sentencing the accused was that of the trial judge alone, uninfluenced by any consideration except that of meting out a fair and proper sentence under the circumstances of the particular case. (288 So.2d at 722).
In the case now before us, the circumstances were as follows: At 3:10 in the afternoon of the day on which the jury retired to consider its verdict, the jury, through its bailiff, requested that they be returned to the courtroom. The jury having been seated in the box the court inquired if it had reached a verdict and was informed by the foreman that it had not. The court then inquired as to how the jury was divided numerically and was told "8 to 4." Whereupon the court said to the jury:
BY THE COURT:
Eight and four. Well, you have been deliberating for three hours, about. It took us two days to try this case and the jury was two nights in the jury room. The Court feels that this jury should be able to get together on this case. I am going to let you return to the jury room and deliberate further on this case. Now, is there anything that the jury needs, as far as any refreshments or anything that would make you more comfortable?
BY MR. FOREMAN:
No, sir.
BY THE COURT:
I am going to let you return to the Jury Room and deliberate further. Ladies and gentlemen, consider the instructions of the Court that the Court gave you and try, if you can, to get together on this case. I will let you deliberate further. Return them to the jury room.
JURY RETURNS TO THE JURY ROOM.
At 5:23 of the afternoon the trial judge presented the District Attorney and defense counsel with an additional instruction which he proposed to give to the jury on his own motion. At 5:30 p.m. the sheriff was instructed to return the jury to the box and it was determined by the court that the jury, at that time, stood 11 to 1. The court then directed the jury to return to deliberate further.
At 6:55 p.m. the court directed the sheriff to return the jury to the jury box. It was thereupon determined that the jury had not reached a verdict and stood 11 to 1. Following some remarks to the jury from the trial judge who pointed out the length of time which had been consumed in the trial and the need that the case be decided by a jury the court recessed until 9:00 the next morning and directed the jury to return to the jury room. The next morning at 9:35 the trial judge had the sheriff return the jury to the box. Upon being asked by the court the foreman stated that no verdict has been reached whereupon the following transpired:
BY THE COURT:
Is there anything that the Court can further instruct the jury on that might help in resolving this matter?
BY THE FOREMAN:
I don't think so, Sir.
BY THE COURT:
Do you think there is a probability that the jury can get together on this verdict?
BY THE FOREMAN:
No, sir.
BY THE COURT:
You don't think there is any?

*729 BY THE FOREMAN:
No, sir.
BY THE COURT:
Well, have a seat there in the jury box and let me give this instruction to the jury, and then I want to have you to deliberate a little further in the light of this instruction I am giving you. The Court instructs the jury that if you believe beyond reasonable doubt and to a moral certainty that the Defendant willfully, feloniously, and of her malice aforethought killed and murdered Janet Loper Bishop, the deceased, then it is your sworn duty to find the Defendant guilty. On the other hand, if there is a reasonable doubt in your mind that the Defendant so killed the deceased, then it is your sworn duty to find the Defendant not guilty. The Court further instructs the jury that the penalty for murder is life imprisonment in the Mississippi State Penitentiary, and the maximum penalty for manslaughter is twenty years imprisonment in the Mississippi State Penitentiary. You should consider this instruction along with all other instructions given to you by the Court. Now, in light of this instruction, ladies and gentlemen, I want you to return to the jury room and deliberate some further on this case. I don't mean to unduly keep you in the jury room, but as I said yesterday, it has taken now about three days to try this case. I want each one of you to be conviced [sic] of your verdict, and the Court is not trying to pressure you into returning a verdict, but with the amount of time we have spent on this case, if it is at all possible for this jury to get together on a verdict, why then the Court wants you to do so. So with this instruction, I want you to return to the jury room and deliberate some further.
JURY RETURNS TO JURY ROOM.
There was no objection to the above instruction.
At 10:55, the jury again having been returned to the courtroom and having reported that it was unable to reach a verdict, the foreman stated to the court: "Your Honor, I don't think this jury will ever come to a decision." Thereupon, the court of its own motion, over appellant's objection that the instruction implied "... that the court will give a lesser sentence to the defendant ..." if the jury convicted of manslaughter, gave the following instruction:
The Court instructs the jury that if you believe from all the evidence beyond reasonable doubt and to a moral certainty that the Defendant willfully, feloniously, and of her malice aforethought killed and murdered Janet Loper Bishop, the deceased, then it is your sworn duty to find the Defendant guilty.
On the other hand, if there is a reasonable doubt in your minds that the Defendant so killed the deceased, then it is your sworn duty to find the Defendant not guilty.
The Court further instructs the jury as follows:
1. That the penalty for murder is life imprisonment in the Mississippi State Penitentiary, and upon a return of such verdict, it will be the duty of the Court to sentence the Defendant to life imprisonment in the Penitentiary.
2. The penalty for manslaughter is a fine of not less than $500.00 or imprisonment in the County Jail for not more than one year, or both, or imprisonment in the Penitentiary not less than two years nor more than twenty years. Upon a return of such verdict it would be the duty of the Court to sentence the Defendant in accordance with that penalty.
You should consider this instruction along with all other instructions given to you by the Court.
The only function of this instruction was to inform the jury of the lesser punishments for manslaughter.
According to the record, this occurred at 10:55. Twenty minutes later, at 11:15, the jury returned a verdict finding the defendant guilty of manslaughter "with the mercy *730 of the Court." The trial judge sentenced the defendant to serve eight years in the penitentiary. The giving of this instruction by the trial court, particularly under the circumstances outlined above, was prejudicial error and added nothing to the instructions already given except to point out the lesser penalties which might be imposed on conviction of manslaughter. For this error the case must be reversed and the defendant awarded a new trial.
Of other errors assigned, one other should be noticed. The State called and placed upon the stand appellant's husband. An objection was immediately interposed by appellant and sustained. This took place in the presence of the jury. The harmful effect of this incident was aggravated by the District Attorney in his remarks to the jury to the effect that there were three people who were present at the time of the shooting, the defendant, Mable Warren, the deceased, Janet Bishop and L.T. Warren, the husband of Mable Warren, who the State was not permitted to call as a witness. Appellant's objection was sustained and a motion for a mistrial, made shortly after the jury had retired, was denied.
Mississippi Code Annotated section 13-1-5 (1972) provides that a husband and wife shall not be competent witnesses against each other except in "controversies between them ... . without the consent of both." (Emphasis added). There is no suggestion that the State had obtained the consent of Mable Warren to use her husband as a witness against her.
Although the trial court sustained the objection on the part of appellant to the use of her husband as a witness and sustained the objection to the improper remarks of the District Attorney, it is doubtful that the prejudicial effect could be effectively removed from the minds of the jurors. While it is not likely that these circumstances will recur upon retrial of the case we consider the matter of sufficient gravity to be mentioned here. Appellant's right to withhold her consent would mean little or nothing if the exercise of this right is made the means of prejudicing the jury against her.
We find it necessary to say that the verdict was not against the overwhelming weight of the evidence, and that the record discloses that there was sufficient evidence to support a conviction. Other matters assigned as error have been examined and are without merit.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., took no part.